# Glassey *versus* The Hestonville, Mantua and Fairmount Passenger Railway Company.

1. Though an infant of tender years may recover for an injury, partly caused by his own imprudent act, the father cannot.

2. It makes no difference whether the injury was to the father's absolute or relative rights.

3. Protection being a paternal duty, entire failure to extend it is negligence.

4. When the standard of duty is a shifting one, the jury must find what it is as well as whether it has been complied with. But not when the law determines precisely what the duty is, and there has been no performance at all.

5. If a father permits a child of tender years to run at large, without a protector, in a city traversed constantly by cars and other vehicles, he fails in the performance of his duty and is guilty of negligence.

6. The fact that a young child having parents, is found alone and unprotected in the street, is presumptive evidence that he was so exposed voluntarily or negligently by his protectors.

7. It is the duty of the parent at all times to shield his child from danger, and this duty is the greater when the risk is imminent; the degree of protection is in proportion to the helplessness and indiscretion of the child.

February 4th 1868.   Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ.   READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 438, to January Term 1867.

This was an action on the case by William Glassey against The

[Glassey v. Hestonville, &c., Passenger Railway Co.]

Hestonville, Mantua and Fairmount Passenger Railway Company. The writ was issued November 28th 1866.

The declaration charged that James C. Glassey, a son of William Glassey, the plaintiff, and a minor, while walking along Twenty-first street, in the city of Philadelphia, was knocked down by the car of the defendants and injured. That in consequence of this injury, " the said James C. Glassey was unable to do or perform the necessary affairs and business of the plaintiff, he being his father, and that, therefore, the said plaintiff was deprived of the service of his said son," &c.

The evidence showed that the son of the plaintiff, a child of about four years of age, had gone into the street from his father's house alone, and in crossing the street had fallen on the track of a passenger railroad, and had been severely injured by the horses of a car of the defendants then passing..

There was much evidence as to the manner and extent of the injury, and also as to the alleged negligence of the plaintiff in permitting the child to run in the street.

The defendants submitted the following points:—

1. Knowingly to allow a child of less than four years of age to go at large in the public street without a protector is such negligence in his parents or guardians as will prevent the parent from recovering in an action brought by him for loss of service by reason of injuries to such child.

2. The fact that a young child who has parents is found alone and unprotected in the street, is presumptive evidence that he was so exposed, voluntarily or negligently, by his protectors; and that, as their negligence contributed to his injuries, they cannot recover for loss of service.

3. If a child of less than four years of age is allowed to go at large in a public street, without being under the immediate charge of a competent person, and if it does not appear that the said child was suitably guarded and restrained from going into the street, then the parents cannot recover for loss of service.

4. If a child of less than four years of age is allowed by its parents to go unprotected in a public street, over which the cars are passing every five or ten minutes, such parent is a concurrent wrongdoer; and as his own fault contributed to the injuries of the child, and consequently to the loss of service, he cannot recover.

5. It is the duty of the parent at all times to shield his child from danger, and this duty is the greater where the danger and risk are imminent; and the degree of protection should be in proportion to the helplessness and indiscretion of the child.

The court (Stroud, P. J.) declined to charge as requested in the points.

The verdict was for the plaintiff for $300.

[Glassey *v.* Hestonville, &c., Passenger Railway Co.]

The defendants took a writ of error, and assigned for error the refusal to affirm the points.

*I. Hazlehurst*, for plaintiffs in error, cited Hoyesburger *v.* Second Avenue Railroad, Leg. Int. October 18th 1867 ; Smith *v.* O'Connor, 12 Wright 218 ; Mangon *v.* Brooklyn City Railroad, 36 Barb. 230 ; Wright *v.* Malden and Mehon Railroad, 4 Allen 283.

*C. Hart*, for defendant in error, referred to and commented on the last two cases cited for plaintiffs in error.

The opinion of the court was delivered, February 10th 1868, by STRONG, J.—In Smith *v.* O'Connor, 12 Wright 223, we said that when an action is brought by a father for an injury to his infant son, it may be that the father should be treated as a concurrent wrongdoer. The evidence may reveal him as such. His own fault may have contributed as much to the injury of the child, and consequently to the loss of service due him, as did the fault of the defendant. He owes to the child protection. It is his duty to shield it from danger, and his duty is the greater, the more helpless and indiscreet the child is. If by his own carelessness, his neglect of the duty of protection, he contributes to his own loss of the child's services, he may be said to be *in pari delicto* with a negligent defendant. We hold such to be the law. Though an infant of tender years may recover against a wrongdoer for an injury which was partly caused by his own imprudent act, an adult father cannot. And it makes no difference whether the injury of which he complains was to his absolute, or to his relative rights.

Protection then being a paternal duty, entire failure to extend it must be negligence. Generally what is and what is not negligence is a question for a jury. When the standard of duty is a shifting one, a jury must determine what it is as well as find whether it has been complied with. Not so when the law determines precisely what the extent of duty is, and there has been no performance at all. Now it would be strange were we not to hold that knowingly to permit a child less than four years old to run at large and without any protector, in the public streets of a large city, traversed constantly by railway cars and other vehicles, is not a breach of parental duty. A father has no right to expose his child to such dangers, and if he does, he fails in performance of his duty, and is guilty of negligence. The security of the community, and especially of children, demands the assertion of this doctrine. Nor is it novel. It has several times been avowed in the courts of New York and Massachusetts, and it is so reasonable that it commends itself to universal acceptance. The points submitted to the court below should therefore have been affirmed.

[Glassey *v.* Hestonville, &c., Passenger Railway Co.]

They were abstract, it is true, but they were applicable to this case if the jury found the facts as they might have found them.

Judgment reversed, and a *venire de novo* awarded.