Reardon *v.* Wilbur, Appellant.

Argued November 16, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*William H. Pugh, IV,* with him *Bean, De Angelis, Kaufman & Giangiulio,* for appellant.

*Stephen G. Yusem,* with him *High, Swartz, Roberts & Seidel,* for appellee.

Opinion by Mr. Chief Justice Bell, January 25, 1971:

This appeal involves an attempt to join an additional defendant pursuant to Pa. R. C. P. Rule 2252(d).*

Plaintiffs, Susan Reardon, a minor, nine years old at the time of the injury, and her father, Michael Reardon, filed a complaint in trespass against defendant, Herman Wilbur. The complaint alleged, inter alia, that Wilbur negligently operated his automobile so as to cause it to collide with and injure the minor plaintiff. Defendant Wilbur filed an amended answer containing new matter joining the minor plaintiff's father, Michael Reardon, as an additional defendant.

---

* At the time defendant filed his amended new matter, Rule 2252(d) provided: "If two or more persons are co-plaintiffs, a defendant without moving for a severance may assert in his answer as new matter that one of the co-plaintiffs is alone liable to another of the co-plaintiffs on the cause of action declared on, or is liable over to the defendant thereon, or is jointly or severally liable thereon with him to another co-plaintiff. The case shall proceed thereafter as though there had been a severance of that co-plaintiff and his joinder as an additional defendant." Adopted February 14, 1939. Amended and effective December 30, 1942, and September 1, 1958. Amended July 21, 1961, effective October 1, 1961.

The rule has subsequently been amended to provide: "If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint." Adopted February 14, 1939. Amended, effective December 30, 1942. Amended September 1, 1958. Effective forthwith. Amended July 21, 1961. Effective October 1, 1961. Amended June 27, 1969. Effective September 1, 1969.

The change effected by the amendment is to allow additional defendant claims against any party to the litigation, rather than just against a co-plaintiff.

Wilbur, in his amended answer, alleged that Reardon's failure to properly supervise the activities of the minor plaintiff and to provide for her safety at the time of the accident was a concurrent cause of her injury. Reardon thereupon filed preliminary objections in the nature of a demurrer to the amended new matter, alleging that the facts stated therein were insufficient to state a cause of action against him. The Court below sustained the preliminary objections and dismissed the amended answer containing the aforesaid new matter. From this Order, Wilbur took this appeal.

In *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A. 2d 623, this Court pertinently said (pages 400-401) : "Preliminary objections to a complaint in the nature of a demurrer admit as true all well-pleaded material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not the pleader's conclusions of law: Eden Roc Country Club v. Mullhauser, 416 Pa. 61, 204 A. 2d 465 (1964) ; Lerman v. Rudolph, 413 Pa. 555, 198 A. 2d 532 (1964). And in determining whether or not a demurrer should be sustained, two standards must be borne in mind: (1) The question at issue is not whether the complaint is so clear in form and specification as to require no amendment before the plaintiff (here the original defendant) is entitled to proceed to trial, but whether, upon the facts averred, the law says with certainty that no recovery is permitted; and (2) Where a doubt exists as to whether a demurrer should be sustained, this should be resolved in favor of overruling it: Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A. 2d 472 (1960) ; Adams v. Speckman, 385 Pa. 308, 122 A. 2d 685 (1956) ; Sun Ray Drug Co. v. Lawler, 366 Pa. 571, 79 A. 2d 262 (1951)."

Wilbur's amended new matter avers, in Paragraph 14, that the father improperly supervised the activities

of the minor plaintiff and failed to provide for her safety in that he "(a) Neglected to keep himself aware of the whereabouts of minor plaintiff, and, more specifically, failed to ascertain that minor plaintiff had wandered alone to the south side of Township Line Road, when her residence at 208 Ray Street, Philadelphia, Pennsylvania, was located to the north of Township Line Road; (b) If, in fact, minor plaintiff, aged 9, was of such age so as to be incapable of appreciating and recognizing the danger of running across a main highway between intersections directly in the path of an oncoming vehicle, which is expressly denied, then the additional defendant either knew or should have known of such incapability and despite such knowledge, actual or constructive, permitted minor plaintiff to be at large alone without any supervision and without giving minor plaintiff warnings or instructions concerning such danger."

Parents have a duty to exercise reasonable care to protect their small children and keep them from danger. *Goldberg v. Philadelphia Rapid Transit Co.*, 299 Pa. 79, 149 Atl. 104; *Dattola v. Burt Brothers, Inc.*, 288 Pa. 134, 135 Atl. 736; *Glassey v. Hestonville, Mantua & Fairmount Railway Co.*, 57 Pa. 172. However, the mere presence of a child of tender years on the street unaccompanied or unguarded is insufficient to establish parental negligence as a matter of law. *Dattola v. Burt Brothers, Inc.*, 288 Pa., supra.

It is not negligence, as a matter of law, for parents to allow their nine-year-old children to go unattended outside the home, and it is not alleged in Wilbur's amended new matter that the minor plaintiff suffered from any incapacity or was other than a normal child. Nor is it alleged that the father knowingly permitted her to cross the street at a place of danger. In short, without more, Wilbur's allegations in Paragraph 14

failed to set forth any facts which serve to establish the negligence of the plaintiff-father.

We believe that Wilbur has failed to allege sufficient facts to establish parental negligence on the part of Michael Reardon.

Order affirmed.

Mr. Justice JONES concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.