## Richard G. Kelly & Son, Inc. v. Held

*Gregory J. Polischuk,* for plaintiffs.
*William E. Mowatt,* for defendants.

DEFURIA, J., July 26, 1973.—This action in mandamus was brought against the building inspector and the Board of Commissioners of Haverford Township to require the issuance of building permits to erect three 10-story apartment buildings. The land involved is zoned AA-Residence under the Zoning Ordinance of Haverford Township of 1925.

Plaintiffs alleged in their complaint that they had filed with the board of commissioners a plat together with a petition to change the zoning of the subject land to HRA-High Rise Apartments. A hearing before the township commissioners on the petition for change of zoning was scheduled for November 14, 1972. At the request of plaintiffs' counsel, the hearing was continued. Plaintiffs aver that they have frequently asked the commissioners to reschedule the hearing, but the Commissioners have never done so.

Plaintiffs' complaint also avers that the Township Planning Commission held a prezoning hearing on October 18, 1972, on plaintiffs' petition for rezoning, and that plaintiffs filed drawings and plans and testified at the hearing. Plaintiffs allege that these drawings and plans constitute a plat under the Pennsylvania Municipalities Planning Code.

Plaintiffs contend the effect of the refusal of the township-defendant to render a decision on plaintiffs' request for rezoning within 90 days is deemed an approval of plaintiffs' application, under the Pennsyl-

vania Municipalities Planning Code, and as a consequence, the building permits should issue.

Defendants have filed preliminary objections claiming that the complaint fails to set forth a cause of action.

The essential dispute before us is the impact of article V of the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10508(3), which is the basis for plaintiffs' contention.

Plaintiffs advance the novel and startling proposition that the failure of the board of commissioners to act within 90 days results in a rezoning of the tract involved and an approval of their proposed plat.

Section 10508(3) reads as follows:

Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect."

Well pleaded *facts* and reasonably deducible inferences therefrom are admitted on preliminary objections, but not conclusions of law: Reardon v. Wilbur, 441 Pa. 551 (1971). Plaintiffs' averments that by virtue of section 508(3) of the Pa. M.P.C., art. V, 53 PS §09508(3), the failure of the board of commissioners to render a decision within 90 days is deemed an approval of the application and the plat and entitles plaintiffs to receive a building permit are conclusions of both fact and law.

Failure to render a decision may or may not be equated with failure to fix a hearing.

Further, mandamus lies against public officials for

failure to perform a statutorily mandated or ministerial duty: Verratti v. Ridley Township, 416 Pa. 242 (1965). Plaintiffs point to no duty of the commissioners to issue building permits. Why then are the commissioners made defendants? Surely, not to require them to pass a rezoning ordinance, which action would require notices, public hearings and the exercise of discretion.

As to the building inspector, also, is he to issue a building permit without building plans, the payment of fees, and the like?

Putting aside the seeming enormity of plaintiffs' demands based upon the township's failure to hold a hearing and render a decision, a review of the law offered as the foundation for the request discloses no basis for the conclusions reached.

Article V of the Pa. M.P.C. deals with subdivision and land development. Plaintiffs, under this article, offered a plat to the governing body of the township for subdivision and land development: 53 PS §10501. Under this subsection the township referred the application to the Township Planning Commission.

Approval of subdivision and land development (streets, gutters, curbs, street lights, fire hydrants, water and sewage, etc.) is a prerequisite to erection of buildings: Section 10503(4).

Section 10508(3), advanced by plaintiffs, deals *only* with approval of plats. Failure of the governing body or planning agency to render a decision within 90 days of the application shall be deemed an approval of the application.

However, while plaintiffs aver (paragraph 16) that the planning commission held a hearing on October 18, 1972, they do not aver anything further. There is no allegation of record that the planning commission failed to render a decision and notify plaintiffs of same.

Therefore, at most, plaintiffs may claim an approval of their plat by reason of failure to render a decision *by the planning commission.* But their own complaint does not support such contention.

Turning to the rezoning application, we find that article V, sec. 10508(3), has no applicability whatever.

Article VI of the M.P.C. deals with zoning. Under section 10609 of the Act of June 1, 1972, P. L. 238, a landowner may submit a proposed rezoning amendment to the governing body, which plaintiffs did. The procedure then is set forth in section 10609.

*Article X* deals with appeals, and again makes provision, section 11004(1) of the Act of June 1, 1972, supra, for a landowner challenging the validity of an ordinance prohibiting or restricting use or development to apply to the governing body for a curative amendment under section 10609.1. The landowner may appeal from a denial of his request within 30 days: section 11004(3).

Finally, section 11004(4) provides not for an approval by reason of inaction by the commissioners but instead deems the application for rezoning *denied* by reason of failure to act.

But here again, the peculiar facts of the instant case make section 11004(4) inoperative because such denial is deemed to have occurred on the thirtieth day after the last hearing on the request. No hearing before the commissioners was ever held.

Zoning appeals are subject to the *exclusive mode* set forth in article X, including review of any ordinance, decision or determination of the governing body: Art. X, sec. 11001.

Plaintiffs have misconstrued their remedies under mandamus, and have failed to set forth a cause of action for reasons given ante.

The inaction of the township is admitted only for purposes of argument, and we do not know the reason for the alleged delay. However, deliberate or negligent

inaction on the part of governing officials has been condemned in several opinions of our courts, who have noted that specific provisions of the Pa. M.P.C. were enacted to prevent such abuses. Unfortunately, failure to set a hearing on a rezoning application has not been covered.

In the case of Russell v. Penn Township Planning Commission, 8 Comm. Ct. 429 (1973), decided April 12, 1973, the court held that the 45-day failure of the planning commission to render a decision was not deemed to be a decision in favor of the application, because the Pa. M.P.C., in its 45-day rule, dealt only with the zoning board, and this provision did not apply to the planning commission. The court makes reference to "delaying tactics," but remarks that the legislature made no provision as to failure of the planning commission to file a decision. The court also indicated that plaintiff could have filed an action in mandamus to force the planning commission to abide by the ordinance and to hold a hearing.

While we are constrained to sustain the preliminary objections, we will not dismiss the complaint, but will permit plaintiffs to amend, if they so desire, to request an order upon the township commissioners to set and hold a hearing upon plaintiffs' request for rezoning according to law.

Wherefore, we enter the following

### ORDER

And now, July 26, 1973,

1. The preliminary objections of defendants alleging that plaintiffs have failed to set forth a cause of action in mandamus requiring the defendants to approve a plat and to issue building permits are sustained, and

2. Plaintiffs are granted 30 days from the date hereof to amend their complaint in accordance with this opinion; if plaintiffs fail to so amend, the complaint herein is dismissed.