## Underwater Technics, Inc. v. Seaboard Tank Lines, Inc.

*David L. Steck,* for plaintiff.

*David Durben,* for Seaboard Tank Lines, Inc., defendant.

*Derek J. Reid,* for Edward A. Kerwin, defendant.

*Thomas J. Renehan,* for Richard Conolly, defendant.

BODLEY, *J.,* May 11, 1977 — Plaintiff has sued the three named defendants for services rendered in cleaning up an oil spill which occurred when a tractor trailer rig overturned November 21, 1974. Defendant Conolly owned the tractor involved and had leased the same to defendant Kerwin who sublet it along with a trailer owned by him to defendant Seaboard.

The action was instituted August 9, 1976. Defendant Conolly filed an answer and new matter on September 30, 1976. On December 16, 1976, defendant Kerwin filed his answer and new matter in which he cross-claimed against Conolly and Seaboard. Defendant Conolly, by motion filed March 14, 1977, now seeks to amend his answer and new matter so as to allege joint or sole liability of defendants Kerwin and Seaboard for the amount of plaintiff's claim. Defendant Conolly also has petitioned under Pa. R.C.P. 4009 to compel the production of liability insurance policies of defendants Seaboard and Kerwin.

Defendant Kerwin resists the motion to produce the policies as well as Conolly's petition to amend.

It is now settled that the existence and policy limits of liability insurance coverage must be disclosed under Pa. R.C.P. 4007(a): Szarmack v. Welch, 220 Pa. Superior Ct. 407, 289 A. 2d 149

(1972). Defendant Seaboard does not oppose Conolly's motion for production of the documents, pointing out that the lease agreement between Kerwin and Seaboard provided for Kerwin to maintain insurance coverage relating to possible spillage while the trailer was in use. Seaboard further notes that its insurance policy specifically excludes coverage for any tank trailer being operated under a lease with Kerwin and alleges that examination of Kerwin's insurance contract is essential to the determination of which defendant will ultimately be liable to plaintiff.

On the other hand, while acknowledging that disclosure of existence and extent of a defendant's liability coverage is a proper subject for discovery, pursuant to Szarmack, defendant Kerwin maintains that Szarmack and preceding lower court cases which took opposing views on the matter all dealt with discovery by a plaintiff of a defendant's liability coverage. Kerwin maintains that the rule of Szarmack does not apply in a case such as this where one defendant seeks discovery of another defendant's coverage. We cannot agree.

As noted heretofore, prior to Szarmack the trial courts were in decided disagreement upon the issue, with many decisions going each way as noted in the footnote at pages 408 and 409 of Szarmack. The point of disagreement related to the relevancy of the insurance factor and the question of whether it would "substantially aid in the preparation of the pleadings or the preparation or trial of the case" as required by Pa. R.C.P. 4007(a). While it is true that Szarmack was bottomed largely on the conclusion that disclosure of policy limits would substantially aid in settlement negotiations and thereby necessarily reduce the backlog of cases, nonetheless our Superior Court concluded

in the context of the negligence case before it that the fact of insurance was relevant to the subject matter and would aid in the preparation and trial of the case, thus meeting the limitations expressed in Pa. R.C.P. 4007(a).

Under Pa. R.C.P. 4009, subject to the limitations provided by Rules 4007(a) and 4011, on motion of a party, the court may "order a party to produce and permit the inspection . . . by or on behalf of the petitioner, of designated tangible things, including documents, papers, books . . ." in his custody. The insurance policy sought by defendant Conolly appears to satisfy the requirements of the rules. Insurance is not a privileged matter protected by Pa. R.C.P. 4011 and, in our judgment, bears the same relevancy to the subject matter of the issues in this case, and will equally aid in the preparation or trial of the case, as it would in the run-of-the-mill negligence case. It is to be remembered that Pa. R.C.P. 126 provides "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." There should be nothing to hide as noted by Judge Follmer, who said in Slomberg v. Pennabaker, 42 F.R.D. 8 (M.D. Pa. 1967): "The whole purpose of litigation is to produce results fair to both sides, not to play a game of hide and seek."

We are also of the opinion that defendant Conolly should be permitted to amend his answer and new matter pursuant to Pa. R.C.P. 1033, so as to allege sole or joint liability to plaintiff of Seaboard and Kerwin, or liability over to defendant Conolly. Amendments to pleadings should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law: Posternack v.

American Casualty Company of Reading, 421 Pa. 21, 218 A. 2d 350 (1966). It has long been held in actions against two or more defendants, that one defendant may allege under new matter that the second defendant was jointly or primarily liable, since if the suit were brought against the one defendant only he could accomplish the same result by joining the second defendant as an additional defendant: Dolphin v. Dean, 29 D. & C. 2d 561 (1963); Berlo Vending Company v. Sealright Co., Inc. 88 D. & C. 401 (1954). This procedure, of course, is now expressly authorized under Pa. R.C.P. 2252(a) (amendment of 1969): Reardon v. Wilbur, 441 Pa. 551, 272 A. 2d 888 (1971).

Defendant Kerwin argues that allowance of the amendment would be improper, since Pa. R.C.P. 2253 limits the time within which a praecipe or complaint to join additional defendant may be filed, without leave of court, to 60 days after service upon the original defendant of the initial pleading of the plaintiff. However, it has been held that Rule 2253 applies only in a situation where an original defendant seeks to add a *new party* to the record as additional defendant: Wormick v. Taylor, 46 D.&C. 2d 793,19 Bucks 200 (1969). Rule 2253 makes no reference to a joinder by a defendant of one who is already a party and, hence, is not applicable. We are nonetheless guided by Pa. R.C.P. 1033, which permits such amendments by leave of court at any time.

Although defendant Kerwin urges that the motion to amend should be denied by reason of defendant Conolly's having failed to show cause why the joinder was not effected sooner, citing cases decided under Pa. R.C.P. 2253, we are of the opinion that such cases are inapposite and that the amendment is appropriate under the circum-

stances here. It has been alleged by defendant Conolly, and not denied, that no discovery has as yet been taken, that the matter is not yet ready for trial, and that the parties joined are already parties to the law suit. Although Kerwin alleges that the joinder would unduly complicate the litigation, we fail to find any basis for this claim. We are of the opinion that no prejudice to defendant Kerwin will follow the grant of the motion.

## ORDER

And now, May 11, 1977, the motion of defendant Conolly for the production of the liability insurance policies of defendants Seaboard and Kerwin is granted. The said defendants are hereby directed to produce for the inspection of defendant Conolly, his counsel or agent, all liability insurance policies in which said defendants were the named insured and which were in effect on November 21, 1974.

Defendant Conolly's motion to amend new matter in the form set forth in Exhibit "A" appended to said motion is hereby granted. Leave is granted defendant Conolly to file said amended answer and new matter within 20 days of this date.