## Latorre v. Stoll

*William G. Malhames,* for plaintiffs.

*John E. Freund, III,* for additional defendant Anna Latorre.

FREEDBERG, *J.,* June 9, 1983—This matter is before the court upon the motion for summary judgment of Anna Latorre in her status as an additional defendant. Plaintiffs seek damages for personal injuries allegedly sustained by two young boys who were riding a bicycle which was involved in a collision with an automobile operated by defendant Lorie Jean Stoll. Anna Latorre is the mother of one of the boys, Harry Rivera. Counsel for defendant Stoll joined Anna Latorre as an additional defendant alleging that she failed to properly supervise the youngster. Interestingly, the motion for summary judgment filed on behalf of Anna Latorre as additional defendant is opposed only by counsel for plaintiffs, one of whom is Anna Latorre.

Depositions of Harry Rivera and Anna Latorre have been taken. These reveal that at the time of the

collision, Harry, age seven, was riding as a passenger on a bicycle operated by his eight year old cousin, William Latorre. Anna Latorre had left the boy in the care of her adult daughter while she was at her job at Lehigh University. The boy did not have access to his own bicycle because his mother would not allow him to ride it while she was working, and had locked the bicycle in the garage. Harry testified that he had never been given instructions about riding as a passenger on a bicycle. The mother did not know that the boy was going to be riding on the bicycle with his cousin.

Plaintiffs' contention is that Anna Latorre breached her duty to properly supervise her son by allowing him to ride as a passenger on another person's bicycle and by failing to instruct him against riding as a passenger on a bicycle operated by another youth. He points to the recent decision in Miller v. Leljedal, 71, Pa. Commw. 372, 455 A.2d 256 (1983) which held "that negligent supervision of a minor by a parent is not incognizable as a cause of action as a matter of law." However, a careful reading of the Leljedal case shows that it does not support plaintiffs' position in resisting the grant of summary judgment. Relying on Reardon v. Wilbur, 441 Pa. 551, 272 A.2d 888 (1971), the court pointed out that a critical factor in imposing liability on a parent for negligent supervision is the existence of facts which establish that the parent knew or had reason to know that the child was engaging in dangerous conduct. Thus, in Leljedal the parent was aware of her son's propensity to play on or near a highway, to cross it repeatedly, and she was also aware of a snow bank near the driveway of her residence which would obstruct a motorist's view of her child. The entry of summary judgment was reversed. In Reardon, however, the tortfeasor failed to allege that

the parent had knowingly permitted his child to cross the street at the point at which he was struck. The granting of a demurrer was affirmed. In the instant case, there is no evidentiary support whatsoever to establish that the mother knew or had reason to know either that her son had a propensity for riding as a passenger on a bicycle operated by another, or that he was doing so on the particular occasion when he was injured. If we were to implicate the parent in a factual situation where there was no showing of knowledge, such as in the instant case, then virtually every time that a child is injured the parent could be held responsible on the theory that the injury might not have occurred had the parent only warned of the particular danger. To so hold would impose upon the parents an obligation to warn the child of the infinite number of dangerous situations into which a young child might wander.

Wherefore, we enter the following

## ORDER OF COURT

And now, this June 9, 1983, the motion of additional defendant Anna Latorre for summary judgment is granted.