## Packer v. Imboden

14

*Neal E. Newman,* for plaintiffs.

*George A. Hahalis, Kent Herman, Anthony M. Muir,* for defendants.

FREEDBERG, *J.,* June 11, 1984—This matter is before the court for disposition of preliminary objections filed by additional defendants Philip Packer and Lena Packer to complaints joining them as additional defendants filed by original defendants, Stanley D. Imboden, II and Michael Calvani, Sr. This litigation arises from an incident on July 28, 1981, when the minor plaintiff Jereld Packer was hit by a vehicle operated by Stanley D. Imboden, II as he was crossing South Third Street in Easton. Plaintiff also sued Michael Calvani, Sr. alleging that he failed to properly supervise the minor who had been entrusted to him. The complaint alleges various physical injuries and damage to the youth's nerves because of the averred negligence.

Both Imboden and Calvani filed complaints joining Philip Packer and Lena Packer, parents of Jereld Packer, as additional defendants. The joinder complaints' allegations against the parents fall into three categories: (1) The parents failed to warn and in-

struct the minor as to the proper manner to cross a street; (2) The parents failed to properly attire the minor in clothing that would make him likely to be seen by operators of vehicles at night; and (3) The parents failed to obtain proper medical treatment to alleviate their son's emotional injuries. In response thereto, the additional defendants have filed preliminary objections in the nature of a demurrer and a motion to strike.

## DEMURRER

In Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979), the applicable standards for ruling upon preliminary objections in the nature of a demurrer were set forth as follows:

"It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. Yania v. Bigan, 397 Pa. 316, 155 A.2d 343 (1959); Byers v. Ward, 369 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. Lerman v. Rudolph, 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained."

With regard to the theory that the parents failed to properly supervise the child by instructing him as to how to cross a street, we believe that the demurrer must be sustained. In Latorre v. Stoll, 46 North-

16

ampton Co. Rpt. 86, 35 D.&C. 3d 430 (1983), this court recently had occasion to discuss the law with regard to a parent's liability for breach of a duty to properly supervise a child as follows:

"He points to the recent decision in Miller v. Leljedal, 71 Pa. Commw. 372, 455 A.2d 256 (1983), which held "that negligent supervision of a minor by a parent is not incognizable as a cause of action as a matter of law." However, a careful reading of the Leljedal case shows that it does not support plaintiffs' position in resisting the grant of summary judgment. Relying on Reardon v. Wilbur, 441 Pa. 551, 272 A.2d 888 (1971), the court pointed out that a critical factor in imposing liability on a parent for negligent supervision is the existence of facts which establish that the parent knew or had reason to know that the child was engaging in dangerous conduct. Thus, in Leljedal the parent was aware of her son's propensity to play on or near a highway, to cross it repeatedly, and she was also aware of a snow bank near the driveway of her residence which would obstruct a motorist's view of her child. The entry of summary judgment was reversed. In Reardon, however, the tortfeasor failed to allege that the parent had knowingly permitted his child to cross the street at the point at which he was struck. The granting of a demurrer was affirmed. In the instant case, there is no evidentiary support whatsoever to establish that the mother knew or had reason to know either that her son had a propensity for riding as a passenger on a bicycle operated by another, or that he was doing so on the particular occasion when he was injured. If we were to implicate the parent in a factual situation where there was no showing of knowledge, such as in the instant case, then virtually every time that a child is injured the parent could be held responsible on the theory that

the injury might not have occurred had the parent only warned of the particular danger. To so hold would impose upon the parents an obligation to warn the child of the infinite number of dangerous situations into which a young child might wander."

In Reardon, supra, a nine-year-old pedestrian was hit by defendant's car. Defendant joined the child's father alleging that he failed to properly supervise her. The Supreme Court upheld the lower court's granting of a demurrer noting that the mere presence of a young child on the street unattended does not establish parental negligence in the absence of an averment that the parent "knowingly permitted her to cross the street at a place of danger."

Nowhere in the pleading is there an assertion that the parents knew or had reason to know that their child had a propensity for dashing out into traffic or that they knew he would be doing so on this particular occasion. Nor is there an allegation that they knew or had reason to know that he would be crossing at a place of danger. Thus, under Reardon and Leljedal we believe that the averments are insufficient to withstand the demurrer.

The second category of allegations advanced in support of the joinder of the parents is that they did not attire the minor with light colored or light reflective, rain resistant clothing even though they "knew or should have known that the minor plaintiff would most likely be a pedestrian in an area containing motor vehicular traffic at night." We reject the contention that these allegations are sufficient to establish negligence on the part of the parents, for as in Reardon, supra, there is no allegation that the parents either knew or should have known that their son was incapable of appreciating and recognizing the danger of running across a main highway be-

tween intersections or that he would do so under circumstances where he would not be visible to oncoming motorists.

The final category of averments against the parents is that they allegedly failed to provide reasonable medical attention to the child in the form of counseling and psychological or psychiatric treatment when they knew or should have known that he needed such care, thereby aggravating any psychiatric or psychological condition caused by the accident. We believe that these allegations, unlike the others, are sufficient to withstand the demurrer. A tortfeasor whose negligence is the legal cause of injury to a plaintiff is also liable for additional injury caused by unskillful treatment. Lebesco v. South Eastern Transportation Authority, 251 Pa. Super. 415, 380 A.2d 848 (1977). Thus, the original defendants would be liable for emotional injuries sustained by the minor plaintiff even if such injuries are compounded in severity by a lack of proper treatment. Therefore, the original tortfeasor is entitled to join another tortfeasor who breaches a duty to provide reasonable medical treatment. The instant case is not controlled by the decision in Lasprogata v. Qualls, 263 Pa. Super. 174, 397 A.2d 803 (1979), because in that case plaintiff sued the driver only for the injuries which he caused and in a separate action sued a physician for malpractice in treating the injuries. Plaintiff did not sue the driver for the aggravation of the injuries caused by the physician's malpractice. Under these circumstances, the court held that the defendants were not joint tortfeasors. In the instant case, the original defendants have been sued for the nervous condition allegedly sustained by plaintiff without limiting the claim to those injuries which occurred prior to the alleged failure to treat.

The additional defendants argue that to permit the joinder of the parents for an alleged failure to provide proper medical care is violative of public policy in that the minor should not be permitted to recover from his parents for negligent performance of parental duties. In the landmark decision of Falco v. Pados, 444 Pa. 372, 282 A.2d 351 (1971), the Pennsylvania Supreme Court abrogated the doctrine of parental immunity. In a concurring opinion, Justice Pomeroy urged that parental immunity be retained in two situations: (1) where the alleged negligent act involves an exercise of parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services and other care. See Goller v. White, 122 N.W. 2d 193 (Wisconsin Supreme Ct. — 1963; Annotation — Parents' Liability — Injury to Child, 6 A.L.R. 4th 1066, §16-18 (1981)). Whatever the merits of such a limitation on the abrogation of parental immunity, we are not free to adopt them, for in Miller v. Leljedal, supra, the Commonwealth Court has specifically rejected the Wisconsin limitations, holding that Falco abrogated parent/child tort immunity "without qualification". Rather, the court adopted the standard set forth in Gibson v. Gibson, 479 P.2d 648 (California Supreme Ct. — 1971), in which the controlling standard was said to be "what would an ordinarily reasonable and prudent parent have done in similar circumstances?" Because of the Commonwealth Court decision in Miller v. Leljedal, we must reject the parents public policy argument and deny the demurrer insofar as it relates to the allegations of improper medical attention.*

---

* The parents also demur based on the statute of limitations. Such a contention ought to be raised by new matter as

20

## MOTION TO STRIKE

Additional defendants move to strike the joinder complaint because it is improperly verified. The verifications to the joinder complaints were taken by the attorneys representing the original defendants. Contrary to the requirements of Pa.R.C.P. §1024(c), the verifications do not state the reason why the verifications are not made by the parties. The statement that they are taken by the attorneys to save time is not sufficient. In such a case, it is appropriate to permit an amended verification to be filed. George H. Althof, Inc. v. Spartan Inns of America, Inc., 295 Pa. Super. 287, 441 A.2d 1236 (1982).

The additional defendants also complain that the procedure followed by original defendants in filing complaints joining them violates the provisions of Pa.R.C.P. §2252(d) which states that, when the person sought to be joined is a party, the joining party shall assert the joinder in his answer as new matter. While the objection is technically correct, we find no prejudice to the additional defendants by virtue of the use of a complaint rather than new matter to join them. Municipal Authority of LeMoyne v. Reisinger Brothers, Inc., 29 Cumberland 173 (1979).

Additional defendants also contend that the joinder complaint should be stricken because not timely filed as required by orders of court entered in this matter. By virtue of an order entered at the pretrial conference on December 20, 1983, the joinder of additional defendants was to be accomplished by January 20, 1984. On February 14, 1984, the court entered an order that the joinder complaint had to be filed within 20 days. In fact, the

---

the date of the parent's alleged breach of duty may be in dispute. Pa.R.C.P. §1017(b)(4).

joinder complaints were not filed until March 9 and March 12, 1984. While we do not condone the late filing of the joinder complaints, we find no prejudice to the additional defendants by virtue of the late filing and therefore refuse the motion to strike on this bais. Pa.R.C.P. § 126.

Wherefore, we enter the following

## ORDER OF COURT

And now, this June 11, 1984, it is hereby ordered that the preliminary objections of additional defendants Philip Packer and Lena Packer are disposed of as follows:

1. the demurrers to the averments attributing responsibility for the happening of the accident are sustained;

2. the demurrers to the averments of failure to provide proper care and treatment of the injuries are denied;

3. the demurrers asserting the statute of limitation are denied;

4. the motions to strike asserting improper verification are sustained;

5. the motions to strike asserting violation of Pa.R.C.P. §2252(d) are denied;

6. the motions to strike asserting late filing are denied.

Leave is granted to file amended pleadings within 20 days of the date of this order.