SCHERER, J.,
This matter comes before the court upon preliminary objections, filed by plaintiffs and additional defendant, to defendant’s new matter, new matter under 2252(d), and complaint to join an additional defendant.
While shopping with his mother, the minor plaintiff, Matthew Horneman, allegedly pulled a clothing rack down on himself resulting in various injuries. Plaintiffs, the minor and his father, have brought suit against the defendant department store.
Defendant store has joined the father, John Hor-neman, as an additional defendant pursuant to Pa.R.C.P. 2252(d). Defendant store alleges that the plaintiff father is liable to the minor plaintiff or, in the alternative, is liable to the defendant store, for failure to train and instruct the minor, and for negligent entrustment of the minor child to the mother.
Plaintiff father raises an objection to defendant’s new matter under 2252(d) in the nature of a motion to strike paragraphs 20 to 26 or in the alternative, a demurrer for failure to state a cause of action. Defendant store asserts that plaintiff father was negligent in entrusting the minor plaintiff to the custody of the child’s mother, Darcy Horneman. *363 Plaintiff father argues that he was not present when the alleged injuries occurred, and that a cause of action does not exist for a father’s negligent entrustment of the child to the care and supervision of the mother.
A demurrer can only be sustained where the complaint is clearly insufficient to establish a right to relief. County of Allegheny v. Commonwealth, 507 Pa. 360, 490 A.2d 402 (1985):
“Since the sustaining of a demurrer results in a denial of the pleader’s claim or a dismissal of his suit, a preliminary objection in the nature of the demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. If the facts as pleaded state a claim for which relief may be granted under any theory of law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected.” Id. (citations omitted)
Parents have a duty to exercise reasonable care to protect their children and to keep them from danger. Miller v. Leljedal, 71 Pa. Commw. 572, 455 A.2d 256 (1983). Defendant’s position is that this level of care, owed by the father to his three-year-old son, necessarily entailed the father’s assurance that the child would not be subjected to inadequate supervision.
In Reardon v. Wilbur, 441 Pa. 551, 272 A.2d 888 (1971), a case similar to the present matter, a minor child was injured as a result of negligent operation of a motor vehicle. The defendant filed an amended answer and new matter joining the minor’s father as an additional defendant and alleged that the father failed to supervise the child and failed to provide for the child’s safety. The father filed preliminary objections on the grounds that the facts stated were not sufficient to state a cause of action against him.
*364 The Reardon court held that the defendant’s new matter failed to set forth sufficient facts to establish the negligence of the father. Specifically, the Pennsylvania Supreme Court stated that the defendant did not allege that the father knowingly permitted the child to cross the street at a place of danger and did not allege that the child suffered from any incapacity or was other than a normal child.
Defendant department store argues that, unlike the defendant in Reardon, it has alleged the knowledge of the father in subjecting the child to the risk of inadequate supervision in breach of the father’s duty of care and protection. Defendant asserts:
“(22) On or about June 16, 1988, John Horneman entrusted the minor plaintiff, Matthew J. Horne-man, to the custody of his wife and the mother of Matthew J. Horneman, Darcy Horneman.
“(23) If the minor plaintiff was damaged as alleged in the plaintiff’s complaint, said damages and injuries are the direct and proximate result of the negligence of John Horneman in entrusting the minor, Matthew J. Horneman, to the care, control, and custody of Darcy Horneman when he knew, or in the exercise of reasonable attention and care should have known that Darcy Horneman would not pay proper attention to the whereabouts and conduct of Matthew J. Horneman while, at the Hills Store on June 16, 1988.” Defendant’s new matter under 2252(d).
Defendant store’s allegations do not state a cause of action against the father for “negligent entrustment.” The court recognizes that parents have a duty to exercise reasonable care to protect their children and to keep them from danger. However, from the facts averred in defendant store’s new matter, the court cannot conclude that the parent’s duty to protect his child and to exercise reasonable *365 care requires an absent parent to know that the child, who is shopping with the other parent, is in danger.
Defendant store attempts to make an absent parent liable for the other parent’s alleged breach of duty. Defendant store’s new matter fails to allege that the father knowingly permitted the child to go to a place of danger. Defendant store also does not aver that the mother suffered from some incapacity or was other than a normal person and would not exercise reasonable care as a parent. The facts alleged are not sufficient to state a cause of action against the plaintiff father.
Additionally, in Burton v. Althoff, 64 D.&C. 2d 366 (1973), the court stated that the rule of imputed negligence in parent-child situations will apply only where there is a master-servant relationship or a joint venture which, by law, makes the parent vicariously liable for the acts of the other parent or a child of the parent. In the present case, defendant’s answer does not assert a master-servant relationship or a joint venture between the parents.
Plaintiff father also argues that the failure to teach and to instruct a child is not a cause of action as stated in defendant’s new matter under 2252(d). Plaintiff’s objection is in the nature of a motion to strike or in the alternative, a demurrer for failure to state a cause of action.
Preliminary objections, in the nature of a motion to strike or, in the alternative, a demurrer for failure to state a cause of action, are also raised in regard to paragraphs 7(a) and (b) of the defendant’s complaint to join additional defendant Darcy Horneman.
Defendant store claims that the parents were negligent for failing to teach their child not to reach up and pull things down from above him. Plaintiff argues that because a minor under the age of seven *366 cannot be held negligent it is therefore impossible to train and instruct a child of seven years or younger. Defendant store responds that a reasonably prudent parent must take precautions and make an effort to instruct the child as to proper behavior in a department store.
■ In defendant’s new matter under 2252(d), defendant store alleges the following facts as to the plaintiff father’s liability:
“(24) If the minor plaintiff was damaged as alleged in plaintiff’s complaint, which the defendant denies, all of said injuries and damages were the direct and proximate result of the failure of John Horneman to teach and instruct the minor plaintiff not to reach up and grab objects above his head, thereby causing them to fall on him.” (emphasis supplied)
Defendant store alleges the following as to the mother’s liability for failing to train and to instruct:
“(a) In failing to properly train and instruct her minor son as to proper behavior in a department store;
“(b) In failing to properly train and instruct her minor son not to pull on items above his head as they may fall on his head. . .” Defendant’s complaint to join additional defendant Darcy Horneman, paragraph 7. (emphasis supplied)
Neither parties’ brief addresses the validity of the allegation that the plaintiff father failed to teach and to instruct the three-year-old child. No Pennsylvania case has been located in which a court has recognized a cause of action for failure of a parent to teach and to instruct. To support its position, defendant store relies on Styer v. City of Reading, 360 Pa. 212, 61 A.2d 382 (1948). The Pennsylvania Supreme Court stated “children must be expected to act on immature judgment, childish instincts and impulses; others who are chargeable with a duty of care and *367 caution toward them must calculate upon this, and take precautions accordingly.” Styer, supra.
Defendant store claims that a three-year-old child can be taught not to pull down clothing from a rack and that the parents are negligent for failing to do so. However, although a child has been previously told/taught not to touch something, one may still expect a child to “act on immature judgment, childish instincts, and impulses.” Plaintiff father was not present at the time of the incident and therefore, unable to take precaution against “childish instincts and impulses.”
It is not clear as to whether the above averments indicate the parents generally failed to teach/train their child not to reach up and grab objects or whether the defendant store’s assertion is to mean that the parents failed, at the time of the incident, to supervise and instruct the child not to pull, touch, etc. Under either interpretation, paragraph 24 of defendant’s new matter under 2252(d), does not set forth a cause of action against the absent plaintiff father.
In regard to the assertions in paragraph 7(a) and (b) of defendant’s complaint to join additional defendant, Darcy Horneman, the mother, may be negligent for failing to instruct the child, at the time of the incident, not to touch, wander, etc. Such an assertion points to an alleged lack of care in the mother’s duty to supervise the child and protect him from harm. However, it is not reasonable to assert that in general, the mother had not properly trained/ taught the three-year-old child in consideration of “childish instincts and impulses.” Paragraph 7(a) and (b) are not clear and defendant store will have the opportunity to amend the paragraphs.
Additional defendant mother also has raised a preliminary objection to paragraph 7(e) of defen *368 dant’s complaint to join additional defendant, Darcy Horneman, which states as follows:
“(e) In taking the three-year-old boy to Hills Department Store on June 16, 1988, when she knew or should have known that her attention would be directed towards purchasing a bathing suit and conversing with her friend, Grace Beers, and not towards the supervision and care of her son.”
Additional defendant mother objects on the grounds that the averment suggests it is negligent to take a child shopping.
Defendant Hills responds that paragraph 7(e) is not “requesting an application of the doctrine of res ipsa loquitur to all cases where a mother takes her child to a store, resulting in the child’s injury.” (Defendant’s reply brief in response to plaintiff’s preliminary objections at 13.) Defendant Hills argues that paragraph 7(e) asserts the breach of the mother’s duty of care and protection to the child and therefore, states a claim upon which relief can be granted. Defendant Hills’ position is that the mother was bound to take precautions when she knew or should have known that she would be unable to properly supervise the child.
Additional defendant mother admits that a negligence cause of action may be asserted against the mother for failure to supervise the child. Paragraph 7(e) is sufficient in the context of paragraphs 7(c), (d), (f), and (g).
Plaintiff father has also raised an objection in the nature of a motion to strike paragraph 20 of defendant’s new matter or in the alternative, a demurrer for failure to state a defense. Defendant store raises the defense of comparative negligence under new matter, paragraph 20.
A child under seven years of age is incapable of negligence as a matter of law. Kuhns v. Brugger, 390 *369 Pa. 331, 135 A.2d 395 (1957). Plaintiff father argues that therefore, he is also incapable of negligence because his claim is derivative from the claim of the child.
In accordance with above discussion, defendant Hills has failed to state a claim for negligence against the plaintiff father under the new matter under 2252(d) and therefore, the defense of comparative negligence is not applicable. The issue presented by the plaintiff father is not now before the court.
The facts do not support a cause of action against the plaintiff father for negligence; the law does not support recovery against the absent father. Further, there is no indication that an amendment will cure the defects of defendant store’s new matter under 2252(d).
The court will enter the following
ORDER OF COURT
And now, July 9, 1990, the preliminary objections of plaintiffs and of the additional defendant are granted in part and denied in part.
The demurrer of plaintiff John Horneman is granted as to defendant’s new matter under 2252(d), paragraphs 20 through 26.
The motion to strike of plaintiff John Horneman is granted as to defendant’s new matter, paragraph 20.
The demurrer of additional defendant, Darcy Hor-neman, to defendant’s complaint to join an additional defendant, paragraphs 7(a) and (b) is sustained with leave for the defendant to amend in accordance with this opinion.
The demurrer of the additional defendant, Darcy Horneman, to defendant’s complaint to join an additional defendant, paragraph 7(c), is denied.