Stoltzfus et al., Appellants, *v.* Haus.

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Soren P. West,* with him *Roda, Morgan, Hallgren & Heinly,* for appellant.

*Richard P. Nuffort,* with him *S. R. Zimmerman, III,* and *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellee.

OPINION BY SPAETH, J., March 31, 1975:

This case raises the question whether, prior to June 28, 1974, the effect of a writ of summons marked "not to be served" could be raised by preliminary objections in a case in which the statute of limitations is waivable. The court below held that it could be. We reverse.[1]

---

1. We note the amendment to Pa. R. C. P. 1017 (b), authorizing a preliminary objection "attacking the form or service of a

48

The action arises out of an automobile accident that occurred on November 4, 1967. A praecipe for a writ of summons was filed on October 31, 1969. The docket entry for this date includes the notation, "(not to be served requested by John F. Heinly, Esq.)". On October 21, 1971, a praecipe to reissue the writ was filed, and the writ was served the next day. A complaint was filed on May 30, 1972, but abandoned on January 10, 1973, for failure to pay costs. The complaint was reinstated on March 27, 1973, and appellee was finally served with the complaint on April 3, 1973.

The next docket entry is "March 1, 1974 Preliminary Objections filed." The briefs for both parties, however, indicate that during the eleven months following service of the complaint, counsel for appellee filed an appearance and was granted an extension of time to file a "responsive pleading." The preliminary objections were the only responsive pleading filed by appellee. Appellants filed preliminary objections to appellee's preliminary objections. After oral argument, the court dismissed appellants' preliminary objections to appellee's preliminary objections, sustained appellee's preliminary objections, and dismissed the complaint.

The basis on which appellee's preliminary objections were sustained and the complaint dismissed was that because of the "hold" order on the original writ of summons the writ did not toll the statute of limitations. This is a correct statement of the law. *Peterson v. Phila. S. Tr. Co.*, 435 Pa. 232, 255 A.2d 577 (1969); *Anderson v. Bernhard Realty Sales Co., Inc.*, 230 Pa. Superior Ct. 21, 329 A.2d 852 (1974) (allocatur granted January 2, 1975.) However, though correct, it is not dispositive, for the issue of the writ's effect was not properly before the

writ of summons," and we recognize that arguably this permits the procedure here attempted. Whether that is so, however, need not be decided, for the amendment did not become effective until June 28, 1974, whereas the order of the court below was entered on April 18, 1974.

court because it had not been properly pleaded.

The matters that may be raised by preliminary objections are delineated by Rule 1017(b) of the Pa. Rules of Civil Procedure.[2] Appellee's preliminary objections were denominated "motion to strike off complaint" (which would be under Pa. R. C. P. 1017(b)·(2)) and "demurrer" (which would be under Pa. R. C. P. 1017 (b)(4)). The court below, however, held that the "preliminary objections are really in the nature of a petition raising a question of jurisdiction," and as such were properly raised under Pa. R. C. P. 1017(b) (1). However, no question of jurisdiction was presented. In *Simpson v. Simpson*, 404 Pa. 247, 251, 172 A.2d 168, 171 (1961), it was stated:

> "Jurisdiction of subject matter relates to the competence of a court to hear and determine controversies of the general nature of the action before the court; [and] jurisdiction of the person is ordinarily acquired by service upon him of the court's process within the territorial limits of its authority . . ."

*See also Brumm v. Pittsburgh Nat. Bank*, 213 Pa. Superior Ct. 443, 249 A.2d 916 (1968). Here, the preliminary objections questioned neither the court's competence nor the service of its process.

---

2.   At the time the order was entered in the court below, Rule 1017(b) read as follows:

Preliminary objections are available to any party and are limited to

(1)   a petition raising a question of jurisdiction or venue;

(2)   a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter;

(3)   a motion for a more specific pleading;

(4)   a demurrer, which may include the bar of a non-waivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim; and

(5)   a petition raising the defense of lack of capacity to sue, pendency of a prior action, non-joinder of a necessary party or misjoinder of a cause of action.

50

Neither were the preliminary objections proper if regarded as appellee denominated them. Although appellee purported to file two preliminary objections, the factual allegations of each objection are identical. The only difference between the objections is that the motion to strike alleges that the effect of the hold order was to "render the within proceedings a nullity and not in conformity with law," whereas the demurrer alleges that the effect was to "render the proceedings a nullity." However, the hold order did not render the proceedings a nullity. Its only effect was to prevent the writ from tolling the statute of limitations applicable to personal injury actions. Act of June 24, 1895, P.L. 236, §2, 12 P.S. §34; *Peterson v. Phila. S. Tr. Co., supra.* This statute does not destroy a personal injury action, but rather creates a waivable defense to the action. *Sykes v. S.E. Pa. Trans. Auth.*, 225 Pa. Superior Ct. 69, 310 A.2d 277 (1973). "It is not a defense absolute which will be taken notice of by the court nor may it be raised by preliminary objection. *Royal Oil & Gas Corp. v. Tunnelton Mining Co.*, 444 Pa. 105, 282 A.2d 384 (1971); *Quaker City Chocolate & Confectionary Co. v. Delhi-Warnock Bldg. Ass'n.*, 357 Pa. 307, 53 A.2d 597 (1947)." *Id.* at 73, 310 A.2d at 280.

It is only where the statute creates a non-waivable defense, which "bars and destroys the right of action," that the statute may be raised by demurrer. Pa. R. C. P. 1017(b)(4). Where, as here, the statute creates a waivable defense, it may be raised in new matter. Pa. R. C. P. 1030. If not so raised, it may be waived. Pa. R. C. P. 1032.[3]

Accordingly, appellant's preliminary objections to appellee's preliminary objections should have been sustained and appellee directed to file an answer to the complaint.

So ordered.

---

3. We do not intimate an opinion on whether there has been such a waiver here. That issue is not, and on the present record could not be, before us.