392 A.2d 866

**Kim L. ARMACOST, a minor by her parents and natural guardians, John K. Armacost and Yvonne M. Armacost and John K. Armacost and Yvonne M. Armacost, Appellants,**

**v.**

**Harry WINTERS.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1977.

Decided Oct. 20, 1978.

426

William B. Anstine, Jr., York, for appellants.

Michael Jay Brillhart, York, for appellee.

Before WATKINS, President Judge and JACOBS, HOFF-MAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken following the Order of the lower court dismissing plaintiffs' motions for judgment n. o. v. and new trial. Verdict had been rendered for defendant after jury trial. At issue to a large degree during trial testimony, and the sole question before us on appeal, is the bar of the statute of limitations to the complaint.

On May 3, 1970, the minor plaintiff was injured while riding in her parents' automobile when it was impacted by the vehicle of defendant. Immediately after the occurrence, the minor complained of headaches. She sought treatment at a local hospital and from the family physician. The doctor testified that he considered her condition of frequent headaches to be caused by migraine symptoms, or by poor vision, or by congestion in the sinuses, or by a viral illness.

These possible causes were checked and overruled during the minor plaintiff's many visits to this physician in the years from the accident until 1973. The minor herself testified to the constancy of headaches after the accident, and to her numerous complaints regarding them. Her mother corroborated this testimony.

It was not until July of 1973 that the child was examined and tested by another physician whose opinion it was that the frequently recurring headaches were causally related to the May 3, 1970, accident and injury. Based upon this opinion, plaintiffs filed their complaint on December 10, 1973, averring that they had been unable to determine that these headaches were causally related to the accident until the examination on July 29, 1973, produced such a diagnosis. Causation was alleged and damages sought.

In answer to the complaint, defendant raised the two-year statute of limitations for personal injury claims. Act of 1895, June 24, P.L. 236, 12 P.S. § 34. At trial, defendant admitted liability for the accident, but did not waive reliance upon the statute of limitations as a bar to plaintiffs' claim. In its charge to the jury, the lower court, in addition to pointing out the possible verdicts for plaintiffs, instructed the jurors as to the law regarding the statute of limitations and the possibility of a verdict for defendant if they believed that plaintiffs had not acted reasonably in considering a connection between the accident and the minor's headaches.[1] A verdict for defendant was returned.

Appellants now argue that they had no reason to suspect that the child's headaches had been caused by the accident until the examination and opinion of the physician in July of 1973. They maintain that their reliance was

---

1. We note that it was proper for the lower court to have submitted this question to the jury. "Whether the statute has run on a claim is usually a question of law for the judge, but where, as here, the issue involves a factual determination, i. e., what is a reasonable period, the determination is for the jury." (Citations omitted). *Smith v. Bell Telephone*, 397 Pa. 134, 153 A.2d 477 (1959).

placed in their family physician, who never informed them of any connection of cause and effect, and that such reliance was reasonable. Appellants rely upon *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959), for the proposition that one who does not and cannot know of an injury caused by another's negligence shall not be barred from filing a claim for damages for personal injuries if more than two years have passed since the occurrence. The statute of limitations must be read "in the light of reason and common sense," to the end that a plaintiff must know, or reasonably could have found out, about the injury, within the period of the statute. If such knowledge or opportunity therefor is not at hand, then the period will be extended by such time as passes until the knowledge manifests itself, or reasonably could be found, before the bar of the statute of limitations falls. See *Huber v. McElwee—Courbis Constr.*, 392 F.Supp. 1379 (E.D. Pa.,1974) and *Mitchell v. Hendricks*, 431 F.Supp. 1295 (E.D. Pa.,1977).

We do not find that appellants did not know, or could not reasonably have determined, the injury and its cause within the period of limitations as it applies to this case. Immediately after the accident, the minor plaintiff suffered severe headaches like she had not known before. She was under uninterrupted care for this condition. Despite the fact that her mother was also under care for injuries suffered in the occurrence, she never failed to notice her daughter's malady and to provide care. It is not unreasonable to expect plaintiffs to appreciate the possibility of the accident as the triggering factor. The injury was fully known at the time of the accident, and its cause should have been known, by a reasonable mind. It is inadequate in this case solely to rely upon one physician's examinations and, in essence, failure to pinpoint a certain alleged cause. Consequently, the statute of limitations began to run from the date (May 3, 1970) of the accident, and was not extended, or tolled during the period of time from May 3, 1970 to December 10, 1973 the date of the filing of the complaint. The evidence is ample to support the verdict, which was based

solely upon the question of whether or not the statute was a bar. The question has been answered in the affirmative by the jury, the court's charge having made clear that a decision for the defendant could be founded only upon a determination that the statute intervened. The verdict is supported by the evidence.

Affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.