448 A.2d 558

Eric STEIN, a minor by his parents and natural guardians, Raymond Stein and Dolores A. Stein, his wife and Dolores A. Stein and Raymond Stein, her husband, in their own right

v.

James E. RICHARDSON

v.

The WASHINGTON HOSPITAL.

Appeal of Eric STEIN, a minor by his parents and natural guardians, Raymond Stein and Dolores Stein, his wife.

Eric STEIN, a minor by his parents and natural guardians, Raymond Stein and Dolores A. Stein, his wife and Dolores A. Stein and Raymond Stein, her husband, in their own right

v.

The WASHINGTON HOSPITAL

v.

James E. RICHARDSON.

Appeal of Eric STEIN, a minor by his parents and natural guardians, Raymond Stein and Dolores Stein, his wife.

Superior Court of Pennsylvania.

Argued April 23, 1981.

Filed July 16, 1982.

Franklin E. Conflenti, Pittsburgh, for appellant.

John W. Jordan, IV, Pittsburgh, for Richardson, appellee.

Charles C. Keller, Washington, for Washington Hospital, appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM,

BROSKY, WIEAND, JOHNSON, MONTEMURO, POPO-VICH, DiSALLE and SHERTZ, JJ.

BROSKY, Judge:

Eric Stein appeals from the order of the trial court granting the preliminary objections of James Richardson, M.D., appellee, and The Washington Hospital, appellee, and granting a motion for judgment on the pleadings to the Hospital. The primary question involved in this case concerns the discovery rule as applied to the statute of limitations in medical malpractice cases and the burden upon the plaintiff to plead the nondiscoverability of his injury where the action is brought more than two years after the injury was inflicted. Eric Stein contends that prior to our decision in *Acker v. Palena*, 260 Pa.Super. 214, 393 A.2d 1230 (1978) (hereinafter *Acker*), that the plaintiff was not so burdened. He argues that his case is a pre-*Acker* decision and that as such the trial court improperly held that his actions were barred by the statute of limitations. We affirm in part and reverse and remand in part the order of the trial court.

Raymond Stein and Dolores Stein commenced causes of action against Richardson and the Hospital by writ of summons in trespass on November 16, 1977 alleging that Richardson and the Hospital had negligently rendered medical care to their son, Eric Stein, on the day of and related to his birth. They claim the negligently rendered care resulted in cerebral trauma manifested in the form of cerebral palsy.

Raymond and Dolores Stein subsequently obtained new counsel who filed separate complaints on August 29, 1978 against Richardson and, on July 26, 1978, against the Hospital in which two counts were raised: one count seeking damages for the parents arising out of the alleged negligence and the second count seeking damages on behalf of Eric Stein arising out of alleged malpractice. Richardson and the Hospital each responded to their complaint by way of a preliminary objection, in the form of a demurrer, stating that all claims arose out of alleged injuries sustained by Eric Stein, who was barred from recovery by the applica-

ble two-year statute of limitation.[1] They contended that the injury must have been discovered or should have been discovered on or after July 26, 1976 and August 29, 1976, respectively, if Eric Stein's claim was to prevail. The hospital also filed an answer and new matter raising the statute of limitation defense.[2]

Raymond, Dolores and Eric Stein, collectively, subsequently filed preliminary objections contending: That it was apparent from the writ of summons filed by Raymond and Dolores Stein that the child was a party and therefore their actions and that of Eric Stein were not barred by the statute of limitations. They also asserted that Richardson had improperly raised the affirmative defense of the statute of limitations by not raising it as an affirmative defense in "new matter."[3] They at no time in their pleadings asserted that the injury was nondiscoverable until some date on or after July 26, 1976 or August 29, 1976.

The trial court consolidated the cases for argument on the motions presented in the foregoing pleadings and upon the Hospital's motion for judgment on the pleadings. The court sustained Richardson's and the Hospital's preliminary objec-

1.  Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34 (repealed) and replaced by 42 Pa.C.S.A. § 5524(2).

2.  Richardson joined the Hospital in the case filed against it and the Hospital joined Richardson in its case. The cases were consolidated for trial and on appeal.

3.  Pennsylvania Rule of Civil Procedure 1030—"New Matter"—states all affirmative defenses must be raised in "New Matter" except for the defenses of statute of frauds and statute of limitations which were previously raised by demurrer and sustained.
    **RULE 1030. New Matter**
    All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, immunity from suit, impossibility of performance, laches, license, payment, release, res judicata, and waiver and, *unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, shall be pleaded in a responsive pleading under the heading "New Matter"*. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading. (Emphasis added.)

tions and granted the Hospital's motion for judgment on the pleadings. The court held that the action of Eric Stein was barred by the statute of limitations. This appeal by Eric Stein, alone, followed.

Several questions are raised on appeal. They are essentially: 1. Whether the trial court correctly decided that the statute of limitations had run in light of the unavailability of our decision in *Acker* at the time of argument before the trial court? 2. Whether the mandatory language of the Pennsylvania Rules of Civil Procedure required that the affirmative defense of statute of limitations be raised by new matter, therefore rendering the preliminary objections raised by Richardson and the Hospital improper? 3. Whether the trial court properly determined that the causes of action raised by Raymond Stein and Dolores Stein was a separate and distinct cause of action from that raised by Eric Stein? 4. Whether the lower court had any authority to dispose of the Hospital's motion for judgment on the pleadings when outstanding preliminary objections continued to exist? 5. Whether the trial court's order improperly dismissed the cause of action raised by the parents along with that raised by Eric Stein?

The first three claims raised by Eric Stein involve interrelated contentions all involving statute of limitations arguments. We will discuss Eric Stein's first three claims as a group.

I.

Eric Stein contends that our decision in *Acker* established a more lenient interpretation of the statute of limitations in medical malpractice cases. He argues essentially, that prior to our decision in *Acker* that Pennsylvania courts required a plaintiff in a malpractice action to commence his action within two years of the date at which the injury was inflicted if the injury was discovered or should have been discovered within two years of the actual date of the injury. Eric Stein was born on December 5, 1975, his injuries were allegedly inflicted on that same day, thus, he would be

obliged to commence his action prior to December 5, 1977 if he discovered or should have discovered the cause of his injury prior to December 5, 1977.[4] Alternatively, if the injury was discovered or should have been discovered after December 5, 1977 then Eric Stein would have two years from the date of the discovery to bring his action. Eric Stein contends that the *Acker* decision of this court changed this analysis entirely and permitted the plaintiff two years from the date of the discovery of his injury without regard to when it was discovered. Thus, Eric Stein argues that because the *Acker* decision was not available for his use at trial[5] that he quite logically did not plead that he discovered his injury on the date his parents filed their writs of summons in trespass, November 16, 1977 because, to have done so would have barred his claim which was not brought until 1978.

Eric Stein contends that the pre-*Acker* law in Pennsylvania was clearly stated in Judge Price's dissenting opinion to the majority opinion in *Acker* in which Judge Price wrote:

> The majority has adopted without qualification the "discovery" rule in applying the applicable statute of limitations. In so doing they have stretched the somewhat elastic rule of law heretofore applicable in Pennsylvania. Whether this stretching is beyond the breaking point of the elastic or not is, I suppose, ultimately for our Supreme Court. For now, however, I must dissent for to my view

**4.** In the complaints filed by Eric Stein his injuries were listed without regard to any argument regarding the date on which they were discovered as: (a) cerebral trauma; (b) injuries to his central nervous and peripheral nervous system; (c) cerebral palsy; (d) learning disabilities; (e) injuries to his brain and cortical tissue; (f) spasticity in his muscles, tissues and joints; (g) impaired speech; (h) impaired learning abilities; (i) aggravations and/or activation of the above referred injuries; (j) various other personal injuries.

**5.** This is a questionable proposition. Oral argument was held in the court below on December 21, 1978. While the *Acker* decision did not appear in the West Publishing Company advance sheets until January 1, 1979, the decision was decided on October 20, 1978. Thus, the opinion was available as of October 20, 1978. We do not, however, hold that our *Acker* decision articulated a new standard which would have affected the case presented below.

the elastic snapped early in my reading of the majority opinion.

Accepting for the purpose of this appeal fraud and concealment, active or passive, on the part of appellees and reasonable diligence or the inherently unknowable nature of the injury for the appellant, the fact remains, uncontroverted, that appellant discovered the injury on August 9, 1973, a period of 15 months prior to the November 16, 1974 run date of the statute. The removal of the eye was some 13 months prior to the run date of the statute. I find no case in Pennsylvania that extends the statute under such circumstances. My reading convinces me that the present law of Pennsylvania permits extension of the statute only if the injury could not be discovered by reasonable diligence within the time period, or fraud and concealment covered the injury during the time period.

*Acker v. Palena,* supra, 260 Pa.Superior at 224–225, 393 A.2d at 1235. We believe Eric Stein has misinterpreted Judge Price's view.

Judge Price stated in *Donnelly v. DeBourke,* 280 Pa.Super. 486, 492, 421 A.2d 826, 829 (1980):

It is true, as appellant notes, that in certain situations, the statute of limitations does not begin to run on the date injury-causing event occurs, but rather on the date the injury is or reasonably should have been "discovered." These exceptional situations include medical malpractice cases, *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959), *Puleo v. Broad Street Hospital,* 267 Pa.Super. 581, 407 A.2d 394 (1979), . . .

Thus it is clear that his view is that the statute commences to run when the injury *is* or *should have been* discovered. In *Acker,* Judge Price certainly took the position that the injury should have been discovered on the date that it was inflicted. His disagreement with the majority in *Acker* went to the facts in that case not to the principles upon which the discovery rule is based. The decision interpreting the discovery rule in medical malpractice cases have presented a consistent view for many years.

The "discovery rule" was adopted by our Supreme Court in *Ayers v. Morgan*, 397 Pa. 282, 289–290, 154 A.2d 788, 792 (1959) (hereinafter *Ayers*). It said:

> Both the defendant and the lower court have apparently misevaluated the specific wording of the Act of June 24, 1895. It seems they regard the crucial words as reading: "Every suit * * * must be brought within two years from the time *the act was committed.*" The statute, however, says that the suit must be "brought within two years from the time *when the injury was done.*" The injury is done when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable.

The "discovery rule" has been applied in numerous malpractice cases since *Ayers*. See: *Schaffer v. Larzelere*, 410 Pa. 402, 189 A.2d 267 (1963); *Wallace v. Horvath*, 283 Pa.Super. 179, 423 A.2d 1047 (1980); *Keating v. Zemel*, 281 Pa.Super. 129, 421 A.2d 1181 (1980); *Acker v. Palena*, supra; *Armacost v. Winters*, 258 Pa.Super. 424, 392 A.2d 866 (1978); *Grubb v. Albert Einstein Medical Center*, 255 Pa.Super. 381, 387 Pa.Super. 480 (1978); *Barshady v. Schlosser*, 226 Pa.Super. 260, 313 A.2d 296 (1973) (HOFFMAN, J. Opinion in Support of Reversal).

The "discovery rule" as applied in Pennsylvania decisions is explained in *Prince v. Trustees of University of Pennsylvania*, 282 F.Supp. 832, 840–841 (E.D.Pa.1968):

> The Pennsylvania Supreme Court has held that the statute of limitations in a personal injury malpractice case does not begin to run until the plaintiff or injured party either is aware or reasonably should be aware of the harm he has suffered. In *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959), the rule was applied to a sponge left in the complainant's abdomen during an ulcer operation. The source of pain which the complainant suffered was not discovered for nine years. In *Schaffer v. Larzelere*, 410 Pa. 402, 189 A.2d 267 (1963), this "discovery" rule was extended to a wrongful death action resting on allegedly negligent diagnostic treatment.

In effect, the Pennsylvania "discovery" rule delays the accrual of the cause of action from the time of the defendant's negligent conduct to a time when the injury caused by that conduct becomes known or knowable. It is, obviously, a rule intended to benefit the plaintiff. The fairness of the rule has been praised:

"Avoidance of the injustice which might result where the injury * * * is 'inherently unknowable' at the time of the defendant's conduct would seem of greater moment than the desirability of respose and administrative expediency * * * [t]he burden on the courts probably would not be unduly increased, for the number of 'inherently unknowable' injuries would necessarily be small." Developments in the Law: Statutes of Limitations, 63 Harv.L.Rev. 1177, 1204–5 (1950).

The rule has been approved by other courts. See, e.g., *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949) (silicosis); *Johnson v. Caldwell,* 371 Mich. 368, 123 N.W.2d 785, 791 (1963) ("The trend * * * has been toward * * * the 'discovery rule' "); *Agnew v. Larson,* 82 Cal.App.2d 176, 185 P.2d 851 (1947).

The plaintiff claims that neither she nor her decedent had any knowledge of the dangerous effects of Thorotrast until the September 1963 date of the decedent's admission to Salem County Memorial Hospital in New Jersey. In deciding upon defendants' motion for summary judgment, we assume that allegation to be true. Applying Pennsylvania law, we conclude that the plaintiff's personal injury cause of action did not arise until the alleged time of discovery in 1963.

The rule has been applied also in many other jurisdictions.

The test by which the time at which a discovery is made is determined by the following standard which we recently discussed in *Anthony v. Koppers Co., Inc.,* 284 Pa.Super. 81, 96–97, 425 A.2d 428, 436 (1981), reversed on other grounds 496 Pa. 119, 436 A.2d 181 (1981).

There has been some dispute or confusion, as to the exact level of knowledge a plaintiff must have before the stat-

ute of limitations will start to run. Judge Harry TAKIFF of the Court of Common Pleas of Philadelphia has recently set forth an excellent statement of the rule, as follows:

Ayers' progeny have struggled primarily with the question of reasonableness of plaintiff's conduct in attaining the appropriate level of cognitive knowledge which ultimately prompts a timely lawsuit. With the question of "reasonableness" as a constant qualification running through the decisional law, the principle emerges that three independent phases of knowledge must be known or knowable to plaintiff before the limitation period commences: (1) knowledge of the injury; (2) knowledge of the operative cause of the injury; and (3) knowledge of the causative relationship between the injury and the operative conduct.

We have held also, quite logically, that an injury which is initially discovered, but is not appreciated as such because of assurances by a physician that the injury will be completely remedied in time, will toll the statute of limitations. The statute will commence only to run once the plaintiff *should discover* that the injury is not reparable. *Barshady v. Schlosser*, 226 Pa.Super. 260, 313 A.2d 296 (1974) (HOFFMAN, Opinion in Support of Reversal), see also, *Anthony v. Koppers*, supra.

■ Thus, the decisional law in Pennsylvania since *Ayers* has consistently held that the statute of limitations does not commence to run until the plaintiff discovers or should have discovered his injury. Our decision in *Acker* did not work an expansion in the Pennsylvania court's application of the "discovery rule" in medical malpractice cases.[6] Eric Stein was obliged to bring his action within two years of the date of the discovery of his injury.

**6.** See Louisell and Williams, *Medical Malpractice,* Published 1977, § 13.07, for a discussion of the "discovery rule" in other jurisdictions. And Brazener, *When statute of limitations commences to run against malpractice actions based on leaving foreign substances in patient's body,* 70 A.L.R.3rd 1, for a general discussion of the discovery rule.

Accordingly, the dispute, herein, is entirely procedural. The question is: Should the trial court have sustained Richardson's and the Hospital's preliminary objections, and should the court have granted the Hospital's motion for judgment on the pleadings, in light of the facts pleaded by Eric Stein regarding his discovery of his injury?

## II.

*In the Matter of D. L. S.*, 278 Pa.Super. 446, 448–449, 420 A.2d 625, 626 (1980), we said:

The hearing court's disposition of preliminary objections is governed by Pa.R.C.P. No. 1028(c) which states: "The court shall determine promptly all preliminary objections. *If an issue of fact is raised*, the court shall take evidence by depositions or otherwise." (emphasis added). *Luitweiler v. Northchester Corp.*, 456 Pa. 530, 319 A.2d 899 (1974); *Alumbaugh v. Wallace Business Forms, Inc.*, 226 Pa.Super. 511, 313 A.2d 281 (1973). When no issues of fact are raised, the court shall dispose of the preliminary objections as a matter of law on the basis of the pleadings alone. *Northvue Water Co. v. Municipal Water & Sewer Authority*, 7 Pa.Cmwlth. 141, 298 A.2d 677 (1972); 4 Standard Pennsylvania Practice ch. 13, § 19.

A demurrer admits all pleaded facts contained in the pleadings it addresses, as well as all reasonably deducible facts therefrom. It does not admit conclusions of law. *Pennsylvania Liquor Control Board v. Rapistan, Inc.*, 472 Pa. 36, 371 A.2d 178 (1976). It will be sustained where the plaintiff's complaint indicates "on its face that the claim cannot be sustained. *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976); *Hoffman v. Misericordia Hospital*, 439 Pa. 501, 267 A.2d 867 (1970)." *Dominski v. Garrett*, 276 Pa.Super. 18, 23, 419 A.2d 73, 75 (1980). A case, however, should not be dismissed on preliminary objections except where the dismissal is clearly warranted and free from any doubt. *Interstate Traveller Services, Inc. v. Commonwealth of Pennsylvania, Department of Environmental Resources*, 486 Pa. 536, 406 A.2d 1020 (1979).

■ The standard of review which this court must apply in determining whether preliminary objections were properly sustained is found in *Pennsylvania Liquor Control Board v. Ripistan Inc.*, supra, 472 Pa. at 42, 371 A.2d at 181:

To determine whether this preliminary objection was properly sustained, we must consider as true all "well-pleaded" material facts set forth in the PLCB's complaint and all reasonable inferences that may be drawn from those facts. *Reardon v. Wilbur*, 441 Pa. 551, 272 A.2d 888 (1971).

We have held in *Clouser v. Shamokin Packing Company*, 240 Pa.Super. 268, 273, 361 A.2d 836, 839 (1976), that:

In determining whether a demurrer should be sustained and the complaint dismissed the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible: *King v. U. S. Steel Corp.*, 432 Pa. 140, 247 A.2d 563 (1968); *Sun Ray Drug Co. v. Lawler*, 366 Pa. 571, 79 A.2d 262 (1951).

■ The standard by which we review a motion for judgment on the pleadings is identical to that which we use to review the sustaining of a demurrer. *Engel v. Parkway Company*, 439 Pa. 559, 266 A.2d 685 (1970); *Clouser v. Shamokin Packing Company*, supra; *Enoch v. Food Fair Stores, Inc.*, 232 Pa.Super. 1, 331 A.2d 912 (1974).

Each complaint filed in the instant case contained the following information concerning the date at which Eric Stein's injury was discovered or should have been discovered. They assert that the injury resulted from the negligent care given Eric Stein at birth, immediately following his birth and for some indefinite length of time thereafter. The complaints do not contain any facts which would indicate that the injuries were not discovered because of the absence of their physical manifestation. No facts from which the court could conclude that the Steins had been reassured as to their child's condition by either Richardson or the Hospital, in a manner which would have delayed the discovery of Eric Stein's injury until August 31, 1976 or sometime later, were

138

asserted in the pleadings. Thus non-discoverability of the injuries was not pleaded.

Richardson responded to the complaint filed against him with preliminary objections in the form of a motion to strike. He asserted that the claim of Eric Stein arose out of alleged malpractice allegedly committed by Richardson during the period between March of 1975 and December of 1975. As such, he asserted that the complaint must be dismissed as it is barred by statute of limitations. Richardson then filed a demurrer to the complaint.

The Hospital responded to the complaint filed against it in similar fashion. Preliminary objections in the form of motion to strike and a demurrer were filed contending that Eric Stein's complaint was barred by the statute of limitations. The Hospital also filed an answer to the complaint in which it denied the allegations raised in the complaint filed against it and raised the affirmative defense of statute of limitations in new matter. The Hospital then prayed that the cause of action brought against it be dismissed.

The Steins responded to Richardson's preliminary objections in the following manner.

4. Denied as a conclusion of law. By way of further answer, plaintiffs aver that it was the obvious intention of this plaintiff's then counsel to commence the instant action on behalf of the minor plaintiff. The defendant was well [sic] of this fact and as such the statute of limitations was tolled as to the minor plaintiff's cause of action upon the filing of the aforesaid praecipe for writ of summons.

5. Denied as a conclusion of law. By way of further answer, plaintiffs aver that since the defendant was well aware of the minor plaintiff's cause of action, the inclusion of a cause of action on behalf of the minor plaintiff in the complaint filed by the plaintiffs did not amount to an amendment at all, but merely reflected the natural intentions of plaintiff's then counsel. Moreover, the defendant had full knowledge of the minor plaintiff's injuries at the time of the commencement of this action and, therefore, no prejudice whatsoever resulted to the defendant by the filing of the complaint aforesaid.

In response to the Hospital's new matter, the Steins contended that Eric Stein's cause of actions was preserved by the filing of a writ of summons by Raymond and Dolores Stein on November 16, 1977.

In response to the Hospital's preliminary objections, the Steins answered:

4. Denied as a conclusion of law. By way of further answer, the plaintiffs aver that it was plaintiffs' then counsel's obvious intention when commencing this lawsuit by praecipe to include a cause of action for the minor plaintiff and defendant was well aware of plaintiffs' then counsel's intention and of the minor plaintiff's injuries and resultant cause of action, therefore, defendant is now estopped from asserting the bar of the statute of limitations to the minor plaintiff's injuries and resultant cause of action, therefore, defendant is now estopped from asserting the bar of the statute of limitations to the minor plaintiff's cause of action.

5. Denied as a conclusion of law. By way of further answer, the plaintiffs believe and aver that the parent plaintiffs' cause of action is independent of the minor plaintiff's cause of action and was timely filed and is, therefore, legally viable against this defendant.

The Steins then filed preliminary objections in response to the Hospital's preliminary objections in which the Steins contended that the Hospital improperly pleaded the affirmative defense of statute of limitations by way of a preliminary objection. The Hospital raised the defense in its preliminary objections in the form of a demurrer and simultaneously filed it in new matter.

██ It is clear that Richardson's pleadings were improper. Pennsylvania Rules of Civil Procedure require that the affirmative defense of statute of limitations be pleaded by way of new matter Pa.R.C.P. 1030 excepting where a nonwaivable statute is pleaded. Pa.R.C.P. 1017(b)(4). The applicable statute of limitations in the instant case is waivable and therefore must have been pleaded in new matter. Accordingly, we must reverse the decision of the trial court to

dismiss Eric Stein's complaint against Richardson and remand for proceedings consistent with this opinion. *Ziemba v. Hagerty*, 436 Pa. 179, 259 A.2d 876 (1969); *Stoltzfus v. Haus*, 234 Pa.Super. 46, 334 A.2d 738 (1975).

■ The Steins' response to the Hospital's preliminary objections and the Hospital's new matter was little more than a general denial and as such an admission. Pa.R.C.P. 1045. Thus, in light of our decision that the affirmative defense of statute of limitations was properly pleaded by the Hospital, we must determine whether the Steins' failure to present to the courts facts by which it could decide that the action brought by Eric Stein against the Hospital was not barred by the statute of limitations, that the action was so barred.

In *Puleo v. Broad Street Hospital*, 267 Pa.Super. 581, 585, 407 A.2d 394, 396 (1979), we said:

> The applicable rule of law is that a cause of action for malpractice does not accrue until discovery of the injury or at such time as the injury should reasonably have been discovered. *Schaffer v. Larzelere*, 410 Pa. 402, 189 A.2d 267 (1963). The plaintiff's pleadings, however, failed to aver that his discovery of injury had been other than simultaneous with or immediately after the performance of surgery. Therefore, the judgment on the pleadings in favor of defendant-appellees was properly entered.

■ It is certain that at no time in the pleadings did the Steins assert that they were unable to discover the injury or could not have been able to discover the injury until sometime after Eric Stein's birth on December 5, 1977. Accordingly, we are satisfied, after a review of the pleadings presented in the instant case that the trial court was never confronted with any facts indicating that the injury was discovered at such a time as would bring the complaints filed within the statute of limitations period. It is clear that the complaint presented, on its face, contained no facts which would indicate that the claim could be sustained. Thus, we are satisfied that the motion for judgment on the pleadings brought by the Hospital was properly sustained.

Eric Stein presents an argument, in the alternative, in which he contends that his pleadings need not have asserted any claim under the discovery rule because the writ of summons filed by the Stein parents, on November 16, 1977, by necessity incorporated Eric Stein as a party, and as such any claim raised by him is not barred by the statute of limitations. The trial court responded to this argument in its opinion when it stated:

After a change of attorneys, plaintiffs' present counsel filed complaints, one on behalf of the minor plaintiff and the other on behalf of his parents. In the interim between the filing of the summons and the filing of the complaint, the statute of limitations had run.

Goodrich-Amram 2d Sec. 2228(b) correctly states the law as follows:

"Where a parent brings an action alone, the minor cannot be joined after the Statute of Limitations has expired. The minor's claim is barred."

We hold that the analysis presented by the trial court is correct. In *Gould v. Nickel*, 268 Pa.Super. 183, 185, 407 A.2d 891, 892 (1979), we said:

The only argument presented to us is that the claim of the parents was "derivative" of the conduct of their minor son, so that the verdicts were inconsistent, compelling the grant of a new trial. The lower court rejected this argument on the authority of *Meisel v. Little*, 407 Pa. 546, 180 A.2d 772 (1962). Pennsylvania Rule of Civil Procedure 2228(b) [1] provides:

If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefore accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. Either parent may sue therefor in the name of both; but if the parents live apart the action shall be brought by the parent having the custody of the child and the control of its services.

Our case law clearly establishes that while the cause of action may be required to be jointly tried, they remain

distinct causes of action.  See *Meisel v. Little*, supra; *Dellacasse v. Floyd*, 332 Pa. 218, 2 A.2d 860 (1938) (fn. 1); *Ehrlich v. Steifel*, 94 Pa.Super. 406 (1928).

■ Thus, it is clear that the cause of action brought by the Stein parents was separate and distinct from an action brought by Eric Stein.  The complaints filed distinct causes of action for the Stein parents and for Eric Stein.  The procedural requirement that the claims be tried jointly doesn't, therefore, give any validity to the argument raised by the Stein parents that the claim of Eric Stein must by implication and of necessity have been filed when the Stein parents filed their writs of summons.  The trial court correctly reasoned that the complaint filed in behalf of Eric Stein represented a separate cause of action.  Thus, the trial court properly held that the claim of Eric Stein was properly barred by the statute of limitations.  See *Frishberg v. Rosen*, 65 D&C 2d 652 (1974);  Goodrich-Amram (2d) § 2232(c):3.

■ The burdens of proof placed upon a plaintiff in a medical malpractice dispute, should the plaintiff seek to argue that his action is not barred by the statute of limitations, is to plead that the injury was not discoverable at the time it was actually inflicted.  The plaintiff alone has the facts necessary to demonstrate what facts rendered it unreasonable to expect him to discover his injury when it occurred.  This principle is clearly established in our decisional law and the procedural process by which it must be proven as established by the Pennsylvania Rules of Civil Procedure is settled in our case law.  Furthermore, as the rule's purpose is certainly to protect the interests of the plaintiff as applied to medical malpractice cases, it is quite logical that the responsibility to assert the non-discoverability of the injury should burden the plaintiff.  Our decision in *Acker* established no new burdens of proof, rather it only restated the existing burdens placed upon the parties to a medical malpractice dispute.

The Pennsylvania Rules of Civil Procedure articulate the precise procedure by which the affirmative defense of stat-

ute of limitations is to be raised. The Hospital correctly followed that procedure by filing their statute of limitations defense in new matter. Pa.R.C.P. 1030, 1017(b)(4).

■ Next, Eric Stein asks whether the trial court has authority to dispose of the Hospital's motions for judgment on the pleadings when outstanding preliminary objections continued to exist. This argument is without merit. The Steins answered the new matter filed by the Hospital and argued before the court on the motion for judgment on the pleadings. No objection was made by the Steins concerning the procedure which the court followed. Eric Stein cannot now on appeal attack the trial court's procedure when he made no objection to it at trial. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

■ In his final argument, Eric Stein contends that the trial court improperly dismissed the cause of action of his parents, Raymond and Dolores Stein. As we read the order of the trial court, although admittedly it could have been clearer, we now hold that the parents' cause of action was not dismissed and continued to be a viable and subsisting cause of action.

We hold that the trial court properly granted the Hospital's motion for judgment on the pleadings as to the cause of action brought by Eric Stein.

Accordingly, we affirm the order of the trial court in the case of *Stein et al. v. The Washington Hospital v. Richardson*, (No. 56 April Term, 1979), and reverse the order of the trial court in the case of *Stein, et al. v. Richardson v. The Washington Hospital*, (No. 55 April Term, 1979), and remand for proceedings consistent with this opinion.[7]

7. While we find the opinion of Judge Wickersham very appealing, we are nevertheless obliged to hold that a child's cause of action is barred by the statute of limitations when it is not timely filed and cannot be tacked on to the cause of action of a parent which quite clearly arise out of damages alleged to have resulted from an injury to the parent's child. Our Supreme Court said in *Von Colln v. Pennsylvania Railroad Company*, 367 Pa. 232, 80 A.2d 83 (1951), that a child's cause of action is barred if it is filed in violation of an applicable statute of limitation. The Court said: "The settled rule is

WICKERSHAM, J., files dissenting statement.

DiSALLE and SHERTZ, JJ., did not participate in the consideration or decision of this case.

WICKERSHAM, Judge, dissenting:

Raymond and Dolores Stein, parents of Eric Stein, filed a timely writ of summons in trespass on November 16, 1977 alleging medical malpractice against the named defendants, James E. Richardson, M.D. and The Washington Hospital. Thereafter separate complaints were filed against both defendants setting forth the claim that negligently rendered care resulted in cerebral trauma manifested in the form of cerebral palsy.[1]

I would hold that the timely filing of a writ of summons by the parents on November 16, 1977 carried with it the claim of their son Eric, which indisputedly was the basis of their suit, even though his name was not included on the writ. There could be no possible prejudice to either Dr. Richardson nor to The Washington Hospital, both of which defendants obviously knew that the suit filed was intended as a claim for Eric's injuries. I would hold that the statute of limitations is not here involved and would reverse the trial court for so finding. This case is clearly distinguishable from *DeSantis v. Yaw*, 290 Pa.Super. 535, 434 A.2d 1273 (1981) where *no* suit was instituted by the parents nor by the child within the period of the statute of limitations.

that infants as well as all others are bound by the provision of statutes." Id., 367 Pa. at 232, 80 A.2d at 83. This view was recognized and followed by this court in our recent case of *DeSantis v. Yaw*, 290 Pa.Super. 535, 434 A.2d 1273 (1981). In light of our Supreme Court's opinions in this regard, we cannot create now an exception.

1. Eric Stein was born on December 5, 1975 and his injuries were allegedly inflicted on that same day.