## Hurst v. East Hanover Township

*Eugene E. Dice,* for plaintiff.
*Bernadette Barattini,* for defendants.
*John W. Purcell, Jr.,* for additional defendant.

DOWLING, *J.,* June 18, 1984—This matter is before us on defendants East Hanover Township's and Travitz' motion for summary judgment. Alternative grounds of the statutes of limitations and governmental immunity — both initially raised in defendants' new matter with their answer — are asserted as bases for the motion.

We address first the issue of the statutes of limitations for plaintiffs Hursts' two causes of action in trespass and assumpsit. Both theories of liability arise out of the same underlying facts. Mr. and Mrs. Hurst, after agreeing to buy a new home lot in Feb-

ruary 1972, applied to defendant East Hanover Township (the township) for building and sewage permits. The permits were issued on May 12, 1972.

Plaintiffs allege that the township and Travitz, who was then the sewage enforcement officer for the township, were negligent in issuing the permits because, as it turned out, the soil on the Hursts' lot was not appropriate for a septic system. The Hursts also allege that the township and Travitz impliedly warranted that the sewage permit was approved in a non-negligent manner.

The facts as alleged and admitted by the parties showed that the Hursts first noticed a problem with the septic system drainage field in the spring of 1973 and continued to observe problems annually thereafter. Suit was not commenced until December 1983, clearly beyond both the trespass and assumpsit statutes of limitations if the statutes are found to have begun running in the spring of 1973, or even at later dates when plaintiffs continued to notice a problem.

The Hursts, however, contend that the "discovery rule" on statutes of limitations applies in this case and that they did not "discover" their causes of action until November 1982 when they met with the present sewage enforcement officer for the township and learned that their lot's soil was unsuitable for any type of sewage system.

While it is evident from the facts that plaintiffs were aware as early as 1973 that something was wrong, they argue that they were unable to know of the alleged negligence in the issuance of, or the warranty of the issuance of, the sewage permit. The test of whether a summary judgment should be issued is whether there is any genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b).

We believe there is a factual dispute as to when the Hursts reasonably should have discovered their asserted causes of action. As stated by the Pennsylvania Supreme Court:

"Whether the statute has run on a claim is usually a question of law for the judge, but where, as here, the issue involves a factual determination, i.e., what is a reasonable period, the determination is for the jury." Smith v. Bell Telephone Co. of Pa., 397 Pa. 134, 142, 153 A.2d 477, 481 (1959). Contrary to defendants' argument, we do not believe that the refinement to the Smith rule, as set out in Aberman v. Funk Building Corporation, 278 Pa.Super. 385, 420 A.2d 594 (1980), is applicable to the instant matter.

Even though finding that the statutes of limitations are not a complete bar to this suit, plaintiffs' asserted causes of action must clear another hurdle: the Political Subdivision Tort Claims Act, 53 P.S. §5311.101 et seq., as re-enacted in 42 Pa.C.S. §8541 et seq. (the act).

Initially, it must be determined whether, in point of time, the act is applicable. The act was enacted on November 26, 1978, to take effect in 60 days, and applies to all causes of action arising thereafter. The Hursts, having argued for statute of limitations purposes that their causes of action did not arise until November 1982, now argue that for purposes of the immunity issue, the causes arose prior to the effective date of the act and thus are not barred by the act. Plaintiffs cannot have it both ways. They cannot hold with the hare and run with the hounds. If, as they now contend, their causes of action arose prior to the effective date of the act, then their suit will be barred by the statutes of limitations.* The effect of

---

*We wish to emphasize again that we do not hold that plaintiffs' causes of action accrued in November 1982. Rather,

the "discovery" rule, as applied to statutes of limitations, is to delay the accrual of a cause of action from the time of defendant's negligent conduct to when the injury becomes known or knowable to plaintiff. Stein v. Richardson, 302 Pa. Super. 124, 448 A.2d 558 (1982). We believe, therefore, that the act is applicable here.

The act specifically provides that local agencies are liable for injuries only if both of the following conditions are satisfied:

"(1) The damages would be recoverable . . . under statute by (one) not having available a defense under Section 8541 or Section 8546; and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b)." 42 Pa.C.S. §8542(a). Subsection (b) sets forth acts or activities which must be present in order for liability to be imposed. A reading of the Hursts' complaint reveals that none of the allegations fit within any of the "actions or activities" defined in the statute. Hence, their tort cause of action in trespass against the township is barred.

Because an employee of a local agency is liable only to the same extent as his employing agency, 42 Pa.C.S. §8545, defendant Travitz is similarly immune from plaintiffs' tort claim.

The Hursts' attempt to avoid this bar by noting that the act's immunity does not apply when the alleged acts constitute crimes. 42 Pa.C.S. §8542(a). Defendants' acts were criminal, plaintiffs assert, because the issuance of the sewage permit to plaintiffs

---

we hold that under the facts of this case, that the determination of when the causes of action arose appears to be a jury question.

allegedly violated Section 7 of the Pennsylvania Sewage Facilities Act, 35 P.S. §750.1, et seq. Section 13 of that law provides that any violation of Section 7 is a summary offense. Plaintiffs' attempted escape from the tort immunity must fail, however, because the requirements of Section 7 are not applicable in the instant case. The Hursts stated in their complaint that they purchased the lot in question on February 18, 1972. (Complaint, paragraph 4.) Section 7(a)(5)(ii) states that the requirements of permit issuance shall not apply to lots sold prior to May 15, 1972. 35 P.S. §750.7(a)(5)(ii).

Having found that the Political Subdivisions Tort Claims Act is a bar to plaintiffs' trespass action does not end our analysis of the fact. For it is noted that the Hursts are suing in both trespass and assumpsit, and the assumpsit action must be separately analyzed.

The township and Travitz apparently believe that the act is a total bar to all counts of the Hursts' complaint because they have not argued, in their brief, the trespass and assumpsit counts individually. But defendants have offered no support for the proposition that the act is equally applicable to actions in contract, i.e., plaintiffs' asserted breach of implied warranty.

We believe the act not to be applicable to contract actions. The act addresses itself only to tort claims, and it was enacted in response to the Pennsylvania Supreme Court's abolition of governmental immunity in Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973). Ayala involved only the abolition of judicially created tort immunity. The court in Ayala stated that the common law doctrine of sovereign immunity, as derived from English law, did not apply to suits in contract, 453 Pa. at 590. Further, the Commonwealth Court

held in Turner v. Martz, 42 Pa.Commw. 328, 401 A.2d 585 (1979) that an action of a township in granting a permit for a sewage system warrants that the permit is issued in accordance with the law and in a non-negligent manner. Therefore, we find that plaintiffs' assumpsit cause of action is not barred by the Political Subdivisions Tort Claims Act.

In accordance with our reasoning above, we grant defendants' motion for summary judgment on plaintiffs' trespass count, and we deny the motion for summary judgment on the assumpsit count.