**Parker v. Zeider**

*Dennis L. O'Connell,* for plaintiff.
*Rocco P. Imperatrice,* for defendants.

DAVENPORT, *J.,* June 20, 1985—

## HISTORY

The property of defendant LaBelle M. Zeider[1] had been damaged by fire. Defendant contracted with the Edgar Construction Company (Edgar) to carry out repairs on her premises. Edgar in turn hired plaintiff Eugene Parker, trading as Pottstown Counter Top Service, to "install counter tops and cabinets" in defendant's residence.

Plaintiff completed the work he was required to do by June 1, 1984, but never received payment for the job. Plaintiff therefore advised defendant in writing on August 31, 1984, of his intention to file a mechanics' lien claim. Plaintiff filed his claim on October 1, 1984 seeking $1,080.90, which represented "the original balance plus service charges of $31.71 on the overdue account."

Defendant filed preliminary objections in the nature of a motion to strike the mechanics' lien claim on October 16, 1984. Defendant alleged that plaintiff had failed to comply with certain provisions of the "Mechanics' Lien Law of 1963," 49 P.S. §1101 et seq.

Under 49 P.S. §1501(a) a subcontractor must file a preliminary notice of his intention to file a mechanics' lien claim on or before the date the work is

---

1. LaBelle M. Zeider is a widow. Her husband Joseph P. Zeider died prior to the incidents giving rise to this action.

completed where said work entails alterations or repairs. Defendant contended that plaintiff's claim was based on "alterations or repairs" done on defendant's premises and that, since plaintiff had not served any preliminary notice upon her, the mechanics' lien should be stricken.

Plaintiff replied to defendant's preliminary objections stating that all work was new construction and installation and so it was not necessary for him to provide the preliminary notice mentioned in 49 P.S. §1501(a). Since this raised a factual question,[2] the parties arranged to take plaintiff's deposition on December 6, 1984, and the transcript was filed on January 23, 1985.

The court heard argument on the matter on February 21, 1985 and by order of February 22, 1985 the court sustained defendant's preliminary objections. The court concluded that "by common usage of language" the work plaintiff performed fell into the category of "alterations or repairs." Since plaintiff had failed to file preliminary notice, the court directed that the mechanics' lien claim be stricken. Plaintiff now appeals.

## DISCUSSION

Under 49 P.S. §1501(b) a subcontractor must provide formal notice of his intention to file a mechanics' lien claim whether said claim involves "erection or construction" or "alterations or re-

---

2. Under Pa.R.C.P.§1028(c) where a factual issue is involved in preliminary objections the court "shall take evidence by depositions or otherwise." Here the parties agreed on their own to hold plaintiff's deposition, and in the court's opinion that testimony was sufficient to determine the factual question. It was therefore not imperative for the court to act as directed by Rule 1028(c). No more evidence was needed.

pairs."[3] However, where the claim is for alterations or repairs only, it is necessary for a claimant to file a preliminary notice, in addition to the formal notice of 49 P.S. §1501(b). Failure to file said preliminary notice on or before the date of the completion of the work renders a mechanics' lien claim invalid. Since plaintiff admitted in his answer to defendant's preliminary objections that he did not provide defendant with preliminary notice, the question then became whether plaintiff's labor entailed new construction or simply alterations and repairs.

When it comes to deciding what type of work falls into which category, courts have said this:

"In order to determine whether an addition to a structure is new construction or an alteration or repair, two different yet overlapping tests have generally been employed. . . The first such test is whether the addition is substantial enough in its own right to be considered new construction. . . The second test. . . is the so-called "new use" or "new appearance" test. According to this test, if the new addition creates a significant change in the use or appearance of the existing structure, then the addition can qualify as new construction." Zavislak v. Golumbeski, 65 Luz. L. Reg. 87, 1974.

From the language of the pleadings, from the facts as they appeared from those pleadings and

---

3. These terms are defined in the following manner in 49 P.S.§1201:

"Erection and construction" means the erection and construction of a new improvement or of a substantial addition to an existing improvement or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof;

"Alteration and repair" means any alteration or repair of an existing improvement which does not constitute erection or construction as defined therein.

from plaintiff's deposition, it appeared to the court that plaintiff had carried out alterations and repairs on defendant's residence. This result obtains whether one applies either of the two tests described above.

Plaintiff had been engaged to assist in the repair and alteration of a house damaged by fire. That this was the extent of plaintiff's involvement clearly appears from his testimony. In his deposition plaintiff stated that there was no need to do much construction in the house since most of the damage was smoke related. Plaintiff further related that the roof and walls were intact, and that the structure was pre-existing as opposed to a newly built residence. Plaintiff also admitted that defendant continued to live in the house while plaintiff was doing the work. These admissions belie plaintiff's contention that he was carrying out "new construction."

It also was evident from the nature of the work that plaintiff's job involved alterations and repairs. Plaintiff testified that he installed: a vanity with counter top in the bathroom; cabinets in the laundry room; doors for cabinets in the den; and a counter top and new wall formica in the kitchen. The vanity, laundry cabinets and cabinet doors were "new" in the sense that apparently nothing comparable had been in those respective locations before, but it cannot be said that these installations were "substantial enough in their own right to be considered new construction" or "additions which created a substantial change in the use or appearance of the existing structure." These were simply alterations which defendant wished to have done in the aftermath of a minor fire.

As for the final item, the replacement of a counter and wall formica, that obviously was a repair. Plaintiff related that the fire had damaged the existing

sink countertop and surrounding wall formica in the kitchen. Plaintiff removed the sink from the ruined counter, constructed a new top in his workplace, replaced the old countertop with the one he had built and then reinstalled the sink. Clearly, this work was neither "new construction" nor was it indicative of a "substantial change" in the dwelling.

While there are no cases extant which are exactly on point with the facts of the instant action, the question of whether certain work was alteration or repair has arisen in similar circumstances. For instance, it has been held that work done was alteration and repair where interior changes were made in a dwelling and the kitchen was remodeled so as to enlarge it. Lauriello v. Calio, 25 D.&C.2d 93 (1961). In another decision, the application of aluminum siding, the substitution of windows, the replacement of the front porch and the repair of the foundation to an existing addition on the rear of the property were considered merely "alterations and repairs." Henshue v. Kunsman, 37 North. 199 (1965). While the above-mentioned decisions are not perfect replicas of this case, the reasoning behind them is applicable here. That is, where an existing structure undergoes no significant change in appearance or use and there is no "newness in the main mass of the building," any work done will be counted as alteration and repair.

## CONCLUSION

This matter came before the court via defendant's preliminary objections in the nature of a motion to strike. Generally, a case should not be dismissed on preliminary objections except where the dismissal is clearly warranted and free from any doubt. Stein v. Richardson, 302 Pa. Super 124, 448 A.2d 558 (1982). In this case, defendant's preliminary objec-

tions raised a factual issue as to whether plaintiff's work was alteration and repair or new construction. The parties met that problem by holding plaintiff's deposition, thereby relieving the court of the necessity to take further evidence pursuant to Pa.R.C.P. §1028(c). From plaintiff's testimony the court had no difficulty concluding that the work plaintiff performed for defendant was alteration and repair.

Although plaintiff contests the validity of this finding, his objections seem unfounded. Plaintiff appears to confuse the concept of new construction with new materials. The two expressions are not coterminous. Just because plaintiff used new materials in the performance of the contract and so installed certain new fixtures in defendant's home, it does not mean that what was done was new construction. If this court accepted this theory, it would mean that a mechanics' lien claim for alterations and repairs would arise only if the claimant had completed the work with previously used materials. That notion does not correspond with the provisions of the Mechanics' Lien Law of 1963 or with the case law interpreting same. The test is not whether the work was done with new materials, but whether the work can stand by itself as new construction or results in a substantial change in the use or appearance of the building. Plaintiff's work does not fall into either category; it was simply alterations and repairs.

Under the Mechanics' Lien Law, a claimant who wishes to pursue a claim involving alterations and repairs, must file a preliminary notice of his intention to make such a claim on or before the date of the completion of the work. If the claimant fails to fulfill this requirement, no mechanics' lien can attach. Given that plaintiff's work was alterations and repairs only, his failure to file the requisite preliminary notice is fatal to his mechanics' lien claim.