**Nagle v. Cottle**

C.P. of Blair County, no. 1995 CP 1946.

*Paul Hilco* and *Dorothy Raizman,* for plaintiffs.
*Kathy Mauk,* for defendant Cottle.
*Heather Williams,* for defendants Sneff, Altoona Hospital and Pathology Associates.

CARPENTER, *J.,* February 14, 1996—This matter was originally scheduled for oral argument before the court to resolve preliminary objections filed on behalf of all defendants. However, prior to oral argument the preliminary objections were entirely resolved as to Dr. Cottle and largely resolved as to the remaining defendants. This resolution was based on a proposed amended complaint which had been prepared for filing by plaintiff. Since defendants have offered no objection to the filing of that amended complaint we grant leave to file as part of this order. That action resolves the preliminary objections with one lone exception. That exception is the preliminary objection in the nature of a demurrer to the consortium claim filed on behalf of William A. Nagle Jr., on behalf of defendants Dr. Sneff and Pathology Associates of Blair County Inc.

With respect to that exception, we agree with defendants that the claim of William A. Nagle Jr., is derivative in that it arises out of an injury sustained by Joy L. Nagle, his wife. We also agree with defendants that under the facts of this case a claim for loss of consortium cannot lie absent this court concluding that the discovery rule cited in *Vazquez v. Freidberg,* 431 Pa. Super. 523, 637 A.2d 300 (1994), is applicable

and properly pled. Objecting, defendants concede the applicability of the discovery rule but argue it has not been pled with sufficient specificity so that a demurrer must be granted.

Defendants argue to the court that plaintiffs have failed to specifically plead that the plaintiff/wife was unable to discover her injury in that they have never pled the specific language that she could not have discovered the injury until 1993 and beyond. Defendants cite *Stein v. Richardson,* 302 Pa. Super. 124, 142, 448 A.2d 558, 567 (1982), for the proposition that it is the burden of the plaintiff to plead that the injury was not discoverable at the time it was actually inflicted. Defendants argue that a review of the plaintiff's complaint should reveal to the court that no such allegation exists. We disagree.

To properly evaluate this issue we have reviewed not only the briefs and the case law but have carefully reviewed plaintiffs' complaint in its entirety. Out of that reading, we conclude that, while plaintiff never pleads the exact words which defendant argues represent the discovery rule, the totality of plaintiffs' complaint makes it abundantly clear that the discovery rule is being invoked and provides sufficient notice of that to the defendants. We conclude that this is true both of the original complaint and the amended complaint. The original complaint sets forth in paragraphs 10, 13, and 15 the alleged misdiagnosis by both defendant doctors, Cottle and Sneff, in 1988 and 1989 respectively. Then, in paragraphs 16 through 23 it traces the course of plaintiff's *actual discovery of the spread of her cancerous condition.* She pleads not only that the cancerous condition exists but that the spread of her cancerous condition was due, in part, to an alleged failure by Dr. Cottle and Dr. Sneff to correctly identify her con-

dition in 1988 and 1989. She alleges this should have been accomplished by the defendant physicians. We believe that this meets the standard of pleading the discovery rule in that it clearly delineates the course of the discovery of her injury's onset and distinguishes it from the date of the alleged negligence. As to the required degree of specificity in pleading the discovery rule, this satisfies the *Stein* holding. It clearly avers that discovery of the injury was other than simultaneous with the negligence. (See *Puleo v. Broad Street Hospital,* 267 Pa. Super. 581, 585, 407 A.2d 394, 396 (1979).) At this stage of the proceeding, that is sufficient for the case to go forward.

We are reminded that we are dealing with cancer and a lesion as the alleged failure in diagnosis. That is significant. We are all aware that cancer can only be diagnosed by a physician. A patient can only worry and/or suspect a problem so that they make an appointment to see a physician. Thus, where a plaintiff is reassured (as this plaintiff has pled) she puts defendants on notice that the discovery rule is almost necessarily being invoked and properly so.

Even absent the "magic words" we believe the discovery rule is properly invoked in the original complaint. However, even this inquiry is largely academic since in her amended complaint in paragraph 23 plaintiff goes on to plead as follows:

"23. Neither plaintiff nor any of her physician surgeons knew or could have known that the lesion, twice removed from plaintiff's back in 1988 and 1989, was a malignant melanoma. It was not until the discovery of this fact resulting from a review of these slides previously misread, first by defendant Cottle and, second, by defendant Sneff, that plaintiff became aware that

she had had a malignant melanotic lesion as early as 1988." (Plaintiff's amended complaint, paragraph 23.)

We believe that this amended complaint entirely disposes of any merit defendants' argument might have had as to the original complaint. Reading the amended complaint as a whole, it clearly and unequivocally states that the injury was "after-discovered." Again, plaintiff has the right to rely upon not only the initial assurance of Dr. Cottle in 1988 but the reassurance of Dr. Sneff in 1989 which was communicated to plaintiff by her referring family physician. Her onset of physical symptoms over four years later which then gradually educated plaintiff sufficiently to permit her to make the present allegation is also very specifically pled. Accordingly, we find that the discovery rule has been satisfactorily pled both in plaintiff's initial complaint and more emphatically so in the amended complaint. We cannot conclude presently as a matter of law that the consortium claim of William A. Nagle Jr., is lost by the bar of statute of limitations notwithstanding the parties' 1993 marriage which occurred some four to five years after the respective allegations of negligence.

We enter the following order:

## ORDER

And now, February 14, 1996, the above-captioned matter having come before the court for oral argument on February 2, 1996, it is ordered, directed, and decreed that defendants shall respond to the amended complaint for which leave is granted to be filed by this order.

Defendants' demurrer raising the failure by the plaintiffs to timely preserve the loss of consortium claim is denied.